R. T. BASS *et al.* v. H. S. SWINGLEY.

NEW TRIAL — *New Judge Should Have Granted.* Where a case is tried before the court and a jury, and a verdict is rendered in favor of the plaintiff, and on the same day the defendant files a motion for a new trial, setting forth as one of the grounds therefor that the verdict is not sustained by sufficient evidence, and before anything further is done the county in which the court is held is made a new judicial district, and a new judge is appointed therefor, and the motion for a new trial is presented to this new judge, with the additional ground that he cannot intelligently hear and determine the motion, and he overrules the same, and renders judgment in favor of the plaintiff upon the verdict of the jury, *held*, error; that as a party filing a motion for a new trial has a right to have the same heard before a judge who can hear and determine the same intelligently, and as the new judge in this case could not know what the evidence was which was introduced upon the trial, and therefore could not act upon the motion intelligently, and could not overrule the same without depriving the party filing the same of a statutory right, such new judge should have granted a new trial.

*Error from Wyandotte District Court.*

THE opinion states the nature of the action, and the material facts.

*Hutchings & Keplinger,* for plaintiffs in error.
*Hale & Fife,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Wyandotte county, by H. S. Swingley against R. T. Bass and Juliet Bass, husband and wife, to recover compensation for services rendered in the sale of certain real estate. That the services were performed, is admitted; but the dispute between the parties is concerning the contract upon which the services were rendered, and the amount to be paid therefor. The contract was wholly in parol. The case was tried on January 18 and 19, 1887, before the court and a jury. About the only evidence introduced on the trial relating to the contract was the parol testimony of the plaintiff Swingley, and that of the defendant R. T. Bass, and it would seem that they were the only persons who had any knowledge as to what the contract really was; and their testimony was conflicting. Upon the testimony of Swingley the plaintiff should have recovered a verdict for $1,000, less $100 paid, or in other words, $900. Upon the testimony of Bass the plaintiff should have recovered a verdict for $350, less $100 paid, or in other words, $250. The jury in fact rendered a verdict in favor of the plaintiff and against the defendants for $900. On the same day the defendants filed a motion for a new trial, which motion, omitting the caption and signature, reads as follows:

"And now come the defendants in the above-entitled action, and move the court for a new trial in the above-entitled cause on account of the errors of law occurring upon the trial, which are as follows:

"1. In the admission of evidence excepted to by the defendants.

"2. In the rejection of evidence offered by the defendants.

"3. In giving instructions objected to by defendants.

"4. In the refusal of instructions asked for by the defendants.

"5. Because the verdict of the jury is contrary to the law and the evidence.

"6. On account of newly-discovered evidence which by reasonable prudence defendants could not have discovered and produced on the trial."

All the foregoing proceedings were had while Wyandotte county was a portion of the Tenth judicial district, and before Hon. J. P. Hindman, who was then the judge of that district. Afterward, and on March 19, 1887, Wyandotte county, by virtue of an act of the legislature which took effect on that day, (Laws of 1887, ch. 147, §§ 11, 12,) became the twenty-ninth judicial district, and Hon. O. L. Miller was appointed and became the judge thereof. On August 1, 1887, the motion for the new trial came on for hearing, and was heard. No blame is imputed to anyone for the delay intervening in taking up the motion for rehearing. On the hearing the defendants, as an additional ground for a new trial, claimed and urged that the then presiding judge was not competent to hear and determine the motion, for the reason that he could not know the relative weight of the testimony of the parties, nor the conduct of the witnesses, nor their manner of testifying, etc.; but such judge heard the motion and overruled the same and refused to grant a new trial, and then entered judgment in favor of the plaintiff and against the defendants for the amount of the verdict and for costs; and to reverse this judgment, the defendants, as plaintiffs in error, bring the case to this court.

The contention of the plaintiffs in error, defendants below, now is, that the court below at the time of the hearing of the motion for the new trial had no power concerning the case except to grant a new trial; and this for the reason that the judge of the court at that time could not know what the evidence in the case was. The motion for the new trial was filed in due and proper time, and the grounds set forth therein were such as are authorized by statute, (Civil Code, § 306,) and upon all the grounds relating to the evidence which had previously been introduced the defendants undoubtedly had the right to have the motion heard before a judge who at that time could know what such evidence was. Indeed, the defendants claim that no judge can in any case hear a motion for a new trial where one of the grounds is that the verdict is against the evidence, except the judge that presided at the trial, and who

saw the witnesses, heard them testify, knew what their words were, and their conduct, demeanor and appearance while they were testifying in the case.   There are some grounds for such a claim, for under our laws and practice a jury can never in any case determine finally and conclusively what the facts of the case are, for in every case a motion for a new trial challenging the sufficiency of the verdict upon the evidence may be filed, and upon such motion the court is required to re-examine and redetermine all the facts as shown by the evidence.   In such a case the judge does not merely register and enforce the verdict of the jury, but it is his duty to intelligently determine whether the verdict is sustained by sufficient evidence or not; and of course he cannot do this unless he presided at the trial, and knows what the evidence was. In the case of *Atyeo v. Kelsey*, 13 Kas. 212, 216, 217, the following language will be found in the opinion of the court, to wit:

"Where a new trial has been granted, both parties have another opportunity of having a fair and impartial trial upon the merits of the action.   But where a new trial has been refused, the matter is ended unless a reversal can be had.   Hence new trials should be favored instead of being disfavored, wherever any question can arise as to the correctness of the verdict.   *As a rule no verdict should be allowed to stand unless both the jury and the court trying the cause can say that they believe that the verdict is correct.*   While the question is before the jury they are the sole and exclusive judges of all questions of fact.   *But when the matter comes before the court upon a motion for a new trial, it then becomes the duty of the court to determine for itself whether the verdict is sustained by sufficient evidence or not.*"

In the case of *Williams v. Townsend*, 15 Kas. 563, 570, 571, the following language is used in the opinion, to wit:

"It is unquestionably the duty of the district court to set aside a verdict and grant a new trial wherever the jury have manifestly mistaken the evidence.   And the district courts cannot shirk their responsibility by saying that the jury are the exclusive judges of all questions of fact.   For, while this is true as long as the jury have the case under their consider-

ation, yet, when the jury have rendered their verdict, *then the judge himself becomes the exclusive judge of all questions of fact;* and, while he cannot reform the verdict, nor modify it in any particular, nor set it aside if it is sustained by sufficient evidence, and by a preponderance of the evidence, yet, if the verdict is manifestly erroneous he should always set it aside and grant a new trial. *And he must be controlled by his own judgment in the case, and not by that of the jury.*"

In other words, the verdict of the jury is not sufficient of itself and alone to authorize a judgment. It also requires the decision of the court upon it and upon the evidence. If no motion is made to set aside the verdict or for a new trial, then of course it is admitted by the parties that the verdict is sustained by sufficient evidence, that it should not be set aside, and that judgment should be rendered upon it, and the court will decide accordingly and render judgment accordingly; but where either party files a motion to set aside the verdict and for a new trial upon the ground that the verdict is not sustained by sufficient evidence, then before any judgment can be rendered upon the verdict, the court itself must decide that the verdict is sustained by sufficient evidence, and this of course cannot be done with any degree of intelligence by a judge who did not hear the case tried, for such judge could not know what the evidence was. There is no legal mode of preserving the evidence introduced on the trial of a case except by the intelligent action of the judge who tried the case, and this by a bill of exceptions or by a case-made for the supreme court. (*Dunlap v. McFarland,* 25 Kas. 489; *The State v. McClintock,* 37 id. 40.) The evidence was not so preserved in this case, nor preserved at all by the judge who tried the case. It is true a judge in trying a case might take notes of the evidence introduced on the trial, but these notes would not be legal or sufficient evidence to another judge. It is also true that the counsel in the case might take notes, but neither would these notes be competent evidence. It is also true that an official stenographer might be appointed for the district, and that such stenographer might take notes of the evidence,

but his notes could not be evidence to another judge nor any part of the record in the case until after they had been submitted to the judge that tried the case and approved by him, and embodied in either a bill of exceptions or a case-made for the supreme court. (*The State v. McClintock*, supra.) But even if the evidence should be preserved, so far as it could be preserved in any one of the foregoing methods, it would not in fact be all the evidence introduced in the case. It would be only so much of the evidence as could be reduced to writing, the mere words of the witnesses, and not their appearance, nor their conduct, nor the manner in which they testified; and these last-mentioned things are often of vastly more importance and more convincing in the determination of the real facts of a case than any mere words could be. See the numerous cases decided by this court affirming judgments of the trial courts rendered upon seemingly erroneous verdicts — the affirmance being placed upon the ground that the judges of the trial courts who saw the witnesses and heard their testimony, and who for that reason could know better than the judges of the supreme court what the evidence proved and what it disproved, had approved the verdict. Now as the evidence introduced on the trial before one judge cannot well be presented to another judge, it would seem that when a new trial is asked for on the ground of the insufficiency of the evidence to sustain the verdict, and the application is presented to a judge who did not hear the evidence, all that he could do would be either to entertain the motion and grant or refuse the new trial, and this without any evidence whatever, or to refuse to entertain the motion and leave the parties where he found them so far as the motion might affect the case. And in a case like this, where no judgment was rendered by the judge that tried the case, the result of a refusal by the new judge to entertain the motion would be to require the granting of a new trial; for certainly it will not be contended that the party filing his motion for a new trial may be deprived of his statutory right to have an intelligent hearing and decision upon his motion before any judgment is rendered in the case.

If neither party should object to the new judge's hearing the motion, we suppose the new judge might in a case like this entertain the motion; but should he entertain it for any purpose except to grant a new trial? Possibly the former judge, acting as a judge *pro tem.* under §§ 4 to 8 of the act concerning district courts, might hear and determine the motion, but if he could not or would not, then it would seem to be necessary for the new judge to entertain the motion for some purpose; and again we might ask the question, could he entertain it for any purpose other than merely to grant a new trial? Of course, where the trial judge has gone out of office since the trial, and a new judge has taken his place, the new judge would be the only one who could hear a motion for a new trial founded upon any grounds that would require the introduction of new evidence, and he would also be the only judge who could hear a motion for a new trial founded upon an agreed statement of the facts of the case, or upon such grounds as might be shown by the record of the case; probably, also, he would be the only judge who could hear and determine the motion where the case had been tried before a referee; but the same rules cannot apply in any case where the trial has been before a referee as where it has been before the court or before the court and a jury. And perhaps also the new judge might hear a motion for a new trial founded upon any grounds admitted by the parties, but could he hear it upon any grounds that would necessarily involve a consideration of the testimony which had previously been introduced in evidence on the trial of the case before his predecessor in office? We would think not; or rather, we would think that he could consider the motion only for the purpose of granting a new trial. The great weight of authority seems to be that where the trial of the case has been had before one judge, and the motion for the new trial is presented and submitted to another judge, who did not preside at the trial, and one of the grounds for the new trial is that the verdict is not sustained by sufficient evidence, the new trial should be granted as a matter of course. As tend-

New trial—new judge should have granted.

ing to support these views, see the following cases: *Woolfolk v. Tate*, 25 Mo. 597; *Cocker v. Cocker*, 56 id. 180; *The State v. Boogher*, 3 Mo. App. 442; *Ohms v. The State*, 49 Wis. 419, 422, *et seq.; United States v. Harding*, 1 Wall. Jr., 127, 138, *et seq.; The King v. Baker*, 1 Carth. 6; *Warrain v. Smith*, 1 Bulst. 146; *The People, ex rel. Wright, v. Judge of Superior Court*, 41 Mich. 726; *Simonton v. Simonton*, 80 N. C. 7, and cases there cited; *Jones v. Holmes*, 83 id. 108; *Shelton v. Shelton*, 89 id. 185. In the case of *Woolfolk v. Tate*, 25 Mo. 598, 599, the following language is used:

"A party to a suit has the same right to have his motion for a new trial heard and duly considered as he has to institute or defend an action. An acknowledged ground for granting a new trial is, that a verdict is against the weight of the evidence; and if, in this case, the court was embarrassed by the circumstances, and could not pass on the merits of the motion, it ought to have directed a new trial. It is better to allow a new trial, where the court for any cause cannot consider the merits of an application for that purpose, than to refuse it; for by denying the motion, without giving a party the benefit of being heard or of having his reasons considered, irreparable injury may be done, while on the other hand the prevailing party in the verdict will only suffer by delay, and generally will secure another verdict if he is entitled to it."

In the case of *Ohms v. The State*, 49 Wis. 422, 423, the following language is used:

"When a motion for a new trial is made upon the minutes of the court, it is imperative that such motion should be heard by the judge who tried the cause, unless the party who makes the motion consents that it may be heard by some other judge. It would seem to be impossible for a judge to intelligently determine a motion for a new trial upon the minutes of the court unless he presided at the trial. Without being present at the trial, unless a bill of exceptions or case were first settled or agreed upon, containing a full history of all that took place, he could know nothing of the matters which he ought to know in order to give an opinion as to whether a new trial ought to be granted; and even upon a case or bill of exceptions made and settled, he would not be in a position to give a very satisfactory opinion upon the motion. In that case he

would be very much in the position in which the court finds itself when called upon, under our statute relating to appeals, to review the opinion of the trial judge in granting or refusing a new trial; and this court has repeatedly held that it must be a case of very gross error which will induce this court to interfere with the discretion of the trial judge in granting or refusing a new trial upon the evidence, or for other matters occurring during the trial. . . . 'The exercise of a sound discretion in such matters often depends upon a variety of facts and circumstances which cannot be described on paper and brought before the appellate tribunal with their original force and influence, and which no one but the judge before whom the case was tried can fully and properly estimate. Many of these facts and circumstances are absolutely incapable of such delineation; and to say that the discretion depending upon them shall be transferred to another court, there to be exercised without the means of forming a correct judgment, seems impossible.' This argument is equally forcible when applied to the case of hearing a motion for a new trial upon the minutes of the court, when such motion is made before a judge who did not preside at the trial."

In the case of *The State v. Harding*, 1 Wall. Jr. 139, *et seq.*, the following language is used:

"To my mind the principle of the law is clear: the defendant, before sentence can be pronounced on him, has a right to the judicial determination of his guilt by the court, as well as by the jury. If the verdict does not satisfy the conscience of the judge the prisoner is entitled to a new trial. After the verdict is rendered, the judicial discretion is still in exercise, and at any time before the sentence is recorded it may modify the punishment if the statute has not made it specific, or set aside the conviction altogether. It does not need a motion on the part of the defense; the judge himself, at the very latest moment, may, *sua sponte,* award a new trial. . . . I have found enough to satisfy me that where those [English] courts are vested with a discretion as to their action on a verdict, that discretion is never exercised without unequivocal, direct judicial knowledge of the facts disclosed on the trial."

In this connection see the cases of *The State v. Bridges*, 29

Kas. 138, 141, *et seq.*; *M. A. & B. Rld. Co. v. Keeler*, 32 id. 163. In the case last cited it is held as follows:

"It is error for a trial court to overrule a motion for a new trial merely *pro forma.* Every trial court should exercise its best judgment when such a motion is presented to it, and should rule accordingly."

Where a case is tried before both the court and a jury, each party is entitled to have the intelligent opinion of both the court and the jury upon the evidence introduced; and to permit another judge, who did not hear the evidence, to determine whether the verdict of the jury is sustained by sufficient evidence or not, would be very much like permitting another jury that did not hear the evidence introduced on the trial to render the verdict in the case. If a party in such a case may, against his will, be deprived of the opinion of the court upon the evidence introduced, why may he not also against his will be deprived of the opinion of the jury upon the evidence? Why, indeed, may not a trial upon a single cause of action be divided into parts, and one part be before one judge and jury upon a portion of the evidence, and another part be before another judge and jury and upon another portion of the evidence? This would all be wrong. Each party, we think, in a trial before the court and a jury, is entitled to the intelligent opinion of both the court and the jury, and no judgment could properly be rendered in the case against the will of either party until he has had the intelligent opinion of both the court and the jury.

We think the court below, under the circumstances of this case, should have granted a new trial; but as it did not, its judgment will be reversed, and the case remanded for a new trial.

All the Justices concurring.