## H. F. CRIPPEN v. F. M. SCHNEE *et al.*

TRIAL — *Special Findings — New Judge — Power to Enter Judgment.* Where a case is tried before the court and a jury, and a verdict and special findings are returned by the jury, and thereupon a motion to set aside the general verdict and special findings is heard and decided by the trial judge, and sufficient findings are permitted to stand to support a judgment for the plaintiff, and subsequently the county in which the court is held is made a new judical district, and a new judge is appointed, such new judge may direct a judgment upon the special findings.

### Error from Saline District Court.

THIS action was brought in the Saline county district court, by *H. F. Crippen* against *F. M. Schnee* and Sadie Schnee, his wife, and John Horton, to enforce specific performance of a certain agreement in writing, in words and figures as follows:

"Memoranda of agreement made this 26th day of October,

A. D. 1885, by and between F. M. Schnee and H. F. Crippen, witnesseth: Whereas, certain differences, litigations and complications exist between the above-named parties [who] being desirous of settling the same [do] agree as follows:

"*First.* The said F. M. Schnee agrees to convey to the said H. F. Crippen, by good and sufficient warranty deed, any portion of the south 35 feet of lot number 164, on Santa Fé avenue, Salina, Kas., to be not less than the north 27 feet of the same, or more than the amount of 35 feet, at the option of said F. M. Schnee, for which said H. F. Crippen agrees to pay said F. M. Schnee at the rate of twelve [12] dollars per front foot. The said deed to be made as soon as said F. M. Schnee shall obtain a good title to lot number 168 and said 35 feet of lot 164, on Santa Fé avenue..

"*Second.* F. M. Schnee agrees to pay to said H. F. Crippen the sum of fifty-nine dollars as her expenses incurred in and about said premises. The said F. M. Schnee further agrees to pay, or see paid, the costs in a certain suit now pending in the district court of Saline county, wherein H. F. Crippen is plaintiff, and Harriet E. Buchanan *et al.* are defendants; said H. F. Crippen agreeing to dismiss said action as to said F. M. Schnee. It is further agreed, that F. M. Schnee shall perfect his title to said premises as soon as possible, and that said H. F. Crippen and her counsel, John G. Spivey, shall render any and all assistance in their power to aid in perfecting the title of the said F. M. Schnee to said premises.

"In witness whereof, the said parties have hereunto set their hands, this day and year first above written.
                         [Signed]          F. M. SCHNEE.
                                      H. F. CRIPPEN."

May 12, 1886, John Horton answered, setting up briefly that Schnee and wife had made and delivered to him a note for $960, and secured the payment of the same by the execution of a mortgage as shown by copies attached, but no claim was made on this account on the trial of the action. July 15, 1886, Schnee and wife answered with a general denial, and also alleged that the premises described in the written agreement were purchased on the 14th day of March, 1885, as a homestead, and that the same were the homestead of the defendants at the date of the contract; that F. M. Schnee was

at that time, and ever since has been, a married man and the head of a family, residing in Saline county, in this state, and therefore that the agreement was and is void. On December 27, 1888, at the December term, 1888, of the Saline county district court, this action came on for trial by a jury. The trial was continued through December 28 and 29, 1888, when the further hearing of the action was adjourned until January 2, 1889. January 2, 1889, the trial was resumed, and was continued through January 3 and 4, 1889, when the jury returned into court their general verdict for the defendants, and special findings. On January 4, 1889, the plaintiff filed a motion to set aside the general verdict and all of the special findings of the jury, and to award the plaintiff a new trial, upon the ground, among others, that the verdict and special answers of the jury were contrary to and not sustained by any evidence. On the same day the motion to set aside the general verdict and certain of the special findings was sustained. On the same day the plaintiff filed his motion for judgment on the pleadings, evidence, and findings of fact, and at the same time the defendants filed their motion for judgment in their favor upon the special findings of the jury. Up to this time, Hon. S. O. HINDS was presiding judge of the district court of Saline county; but by the act of the legislature, approved February 27, 1889, the thirtieth judicial district was created, composed of Saline and Ottawa counties. (Laws of 1889, ch. 118, § 25.) Thereafter, Hon. R. F. THOMPSON was the district judge of Saline county, and all subsequent proceedings were had in this case before him. On the 4th of January, 1889, by consent of all the parties, the case was passed over without any formal order of continuance until the June term of 1889. July 1, 1889, the motions of the plaintiff and the defendants, before referred to, came on to be heard, and were by the court taken under advisement, and on July 5, 1889, the court made certain additional findings of fact and conclusions of law, denied the plaintiff's motion for judgment for specific performance, and held the further motion of the plaintiff for money judgment and the motion of the defendants for

judgment under advisement. July 8, 1889, the plaintiff filed a motion to vacate and set aside the special findings, and for a new trial. On July 11, 1889, the motion of the plaintiff for judgment for $59, and interest, and the motion of the defendants for judgment on the findings of fact, came on to be heard, and both were sustained. On the same day, the plaintiff filed another motion for a new trial, and the defendant F. M. Schnee made his motion for a new trial for error of law in awarding judgment against him in favor of the plaintiff for $59 and interest, amounting to $73.45, and on the same day these motions were heard and each denied, and the ruling of the court was excepted to by the parties respectively. H. F. Crippen brings the case here. F. M. Schnee files a cross petition.

*Owen A. Bassett*, for plaintiff in error.

*R. A. Lovitt, J. O. Wilson*, and *Garver & Bond*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J: The contention in this case is, that Hon. S. O. HINDS, district judge of the fourteenth judicial district, heard a part of this case in Saline county, but that before judgment was rendered the thirtieth judicial district was created, embracing Saline county, and that Hon. R. F. THOMPSON, as district judge of the thirtieth judicial district, disposed of the motion for a new trial and rendered judgment, and therefore that a new trial must of necessity be granted, under the authority of *Bass v. Swingley*, 42 Kas. 729. It appears from the record that, after the thirtieth judicial district was created, Hon. R. F. THOMPSON, as district judge, made additional findings, overruled a motion for a new trial, and rendered judgment. If the record showed nothing further, the case of *Bass v. Swingley*, supra, would be applicable. But it also appears that Hon. S. O. HINDS, the judge who first tried the case, also heard and determined a motion for a new trial before the thirtieth judicial district was created. He

set aside certain of the special findings of the jury, but permitted others to stand. The pivotal question of fact in the case was, whether the lots referred to in the agreement were the homestead of F. M. and Sadie E. Schnee. The findings of the jury, which Hon. S. O. HINDS, district judge, sustained as supported by the evidence, established that the agreement set forth in the petition was void, because it attempted to affect the homestead of the defendants, without the joint consent of both husband and wife. Upon these findings, the plaintiff was not entitled to a specific performance of the agreement, which was signed by the husband, F. M. Schnee, only. Therefore the plaintiff had his motion for a new trial heard and determined before the district judge who presided at the trial, saw the witnesses, and could intelligently pass upon their testimony. After a motion for a new trial has once been made, heard, and decided, a court may arbitrarily overrule all further motions made for the same purpose and based on the same grounds. The subsequent findings, made by Hon. R. F. THOMPSON, did not materially change or affect the findings of the jury which were sustained by his predecessor. The conclusion of Hon. R. F. THOMPSON, that the premises in question were the homestead of the defendants on October 26, 1885, was in accord with the findings of the jury. Upon the record presented, after Hon. S. O. HINDS overruled the motion for a new trial, Hon. R. F. THOMPSON had no other duty to perform than to pass upon the special findings of fact returned by the jury. The findings of fact support the judgment rendered; and this case, upon the facts presented, does not come within *Bass v. Swingley*, supra.

Upon the cross petition filed by the defendant F. M. Schnee, it is claimed, as the agreement affecting the homestead is void, because Sadie E. Schnee, his wife, did not sign or consent thereto, that there could be no recovery by H. F. Crippen of the $59 mentioned in the agreement. We think otherwise. By the agreement signed by F. M. Schnee, he was to pay H. F. Crippen the sum of $59 for expenses

incurred upon the premises. This part of the agreement was binding on the parties, and the court committed no error in rendering judgment for that amount. The case of *Thimes v. Stumpff*, 33 Kas. 53, differs from this. In that case, the money attempted to be recovered was a part of the purchase price of the homestead, which the wife did not consent to sell. The amount in this case recovered is for expenses, and interest, paid by the plaintiff upon the homestead, which the husband, F. M. Schnee, agreed to pay. This part of the agreement of the parties is not invalid or void.

The judgment of the district court will be affirmed.

All the Justices concurring.