## John Schriber v. C. R. Buckner,

(Filed February 14, 1907.)

APPEAL AND ERROR—Case Made. On the authority of Sawyer Lumber Company v. Champlin Lumber Company, 16 Okla., 90 **Held:** That the record contains no sufficient averment that the case contained all the evidence introduced on the trial.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before James K. Beauchamp, Trial Judge.*

*W. S. Denton* and *R. L. Denton,* for plaintiff in error.

*Houston & Buckner,* and *Geo. W. Buckner* for defendant in error.

Opinion of the court by

BURFORD, C. J.: This cause is presented by petition in error and case made duly authenticated.

The defendant in error upon a trial before a jury recovered a verdict and judgment for $145.00 and costs for services as attorney for the plaintiff in error. The only errors relied upon are the lack of evidence to warrant the verdict, and the incorrectness of certain instructions. Neither of these propositions can be correctly determined without an examination of the evidence introduced on the trial. The case made contains no recital or averment that it contains

all the evidence submitted on the trial of the cause. In the absence of such recital there is nothing for us to consider. *Sawyer Lumber Co. v. Champlin Lumber Co.,* 16 Okla. 90, and cases cited.

Attached to the case is the following statement signed by counsel for defendant, to wit :

"The above and foregoing case made in the case of *C. R. Buckner v. John Schriber, Sr.,* contains a full, true and correct copy and statement of all the pleadings, motions, judgments, entries and orders of court made in said cause, together with all the evidence . and all the objections and exceptions made by either party to the orders or rulings of the court, and all the objections and exceptions made in said cause."

This statement does not supply the place of the averment required, that the case does contain all the evidence introduced on the trial of the cause.

The judgment of the district court of Garfield county is affirmed, at the costs of the plaintiff in error.

All the Justices concurring.