INSURANCE CO. OF NORTH AMERICA V. GISH, BROOK & CO.

No. 272.   Opinion Filed November 9, 1909.

(105 Pac. 672.)

**APPEAL AND ERROR—Record—Statement as to Evidence—Review.**
Where a case-made upon appeal does not contain a statement
that it contains all the evidence presented upon the trial, no
error assigned which requires an examination and review of the
evidence can be reviewed by this court.

(Syllabus by the Court.)

Motion to set aside order of dismissal and reinstate case.
Writ of error dismissed.

For former opinion, see 23 Okla. 836, 102 Pac. 713.

HAYES, J.   This case was before us on motion to dismiss at
the May term of court, at which time a judgment of dismissal was
entered. *Insurance Company of North America v. Gish, Brook &
Co.*, 23 Okla. 836, 102 Pac. 713.   Subsequently a motion to set
aside the order of dismissal and reinstate the case was filed by
plaintiff in error, and showing made to the court that the defects
in the record on account of which the order of dismissal was made
could be cured by amendment.   An order was made permitting
plaintiff in error to amend the record so as to obviate the objec-
tions in the motion to dismiss.   Such amendments were made and
the case, after having been reset, was argued and submitted at the
October term on its merits.   The assignments of error urged re-
quire a review of the evidence.   But a review of the evidence is
objected to by defendant in error upon the ground that the case-
made contains no recital or statement that it contains all the evi-
dence introduced at the trial, and an examination of the same dis-
closes that it does not contain such statement.   Where the record
upon appeal to this court does not contain an averment that it con-
tains all the evidence presented at the trial court, it presents no
error that can be reviewed by this court when the assignments
made require an examination and review of the evidence. *Wagner*

*v. Sattley Mfg. Co.,* 23 Okla. 52, 99 Pac. 643; *Schriber v. Buckner,* 18 Okla. 298, 90 Pac. 10. A certificate of the stenographer that his transcript contains all the evidence is insufficient. *Sawyer & Austin Lbr. Co. v. Chaplain Lbr. Co.,* 16 Okla. 90, 84 Pac. 1093; *Wagner v. Sattley Mfg. Co., supra.*

It is probable that, under section 1 of the act of the Legislature of 1905, entitled "An act for the correction of court records on appeal (Sess. Laws, 1905, p. 322, c. 28), this appeal should be neither dismissed nor the judgment of the trial court affirmed without giving plaintiff in error an opportunity to correct its case-made by supplying the omitted statement under the direction of the trial judge if such right had not been waived. Plaintiff in error has heretofore been granted permission to correct its case-made, and the last correction was made under a written agreement of counsel filed in the cause stipulating that no further amendments of the record in the case, except as to such matters as appear of record in the trial court, shall be made. From this agreement it appears that counsel have stipulated that the case should be submitted and determined upon the record as it now exists, except as to such amendments as could be made from the record in the trial court.

Since none of the errors urged for reversal can be reviewed upon the record in its present condition, the case will be dismissed.

All the Justices concur.