## ARNOLD v. McLELLAN.

No. 618.   Opinion Filed November 16, 1910.

1.   **GARNISHMENT—Indian Territory Procedure.** Under the laws in force in the Indian Territory at the time of the erection of the state, it was only in suits by attachment that writs of garnishment were authorized to be issued against a defendant before judgment.

2.   **SAME.** In such cases, not only an affidavit, but also a bond, was required, and the failure to make and file either would operate, on timely motion, to cause the writ of garnishment to be quashed and the garnishee to be discharged.

3.   **APPEAL AND ERROR—Record—Evidence—Showing of Prejudice.** An action in equity pending on the equity side of the docket at the time of the erection of the state was required to be transferred to the district court of the state where both law and equity were administered from the same docket, and the

answer of the defendant having raised an issue of fact which, if decided in her favor, would conclude the plaintiff as to all the equitable relief sought, though there had previously been error committed in denying such preliminary relief the plaintiff having refused to introduce evidence to meet the issue raised on the part of the defendant, and not having brought up as a part of the record the evidence introduced on the part of the defendant. it does not affirmatively appear that any prejudicial error was committed against plaintiff.

(Syllabus by the Court.)

*Error from District Court, Pittsburg County; Preslie B. Cole, Judge.*

Action between Jones N. Arnold and Ada McLellan. From a judgment for the latter, the former brings error. Affirmed.

*W. H. Jones,* for plaintiff in error.

WILLIAMS, J. Under section 339 (sec. 317, Mansf. Dig. Ark. 1884), Ind. Ter. St. 1899, it is settled that only in suits by attachment may a writ of garnishment be issued before judgment against the defendant. *Leingardt v. Deitz,* 30 Ark. 224; *Littlejohn v. Lewis,* 32 Ark. 423. Conseequently not only the affidavit, but also the bond, was essential. Section 340 (sec. 318, Mansf. Dig. Ark. 1884), Ind. Ter. St. 1899; section 332 (sec. 310, Mansf. Dig. Ark. 1884), Ind. Ter. St. 1899; section 334 (sec. 312, Mansf. Dig. Ark. 1884), Ind. Ter. St. 1899.

The failure to make such affidavit and bond and file the same is fatal on timely objection. *Fletcher v. Mankin,* 37 Ark. 206.

On the erection of the state, said cause was transferred to the state district court, where both equity and law were administered from the same docket. Plaintiff having refused to introduce evidence to support or meet the issues, and the evidence on the part of the defendant not being brought up as a part of the record, we cannot say that any error was committed to the prejudice of plaintiff in error. For if fraud was committed by plaintiff in error in procuring the execution of the contract, no relief in equity could have been afforded him.

Neither has any appearance been made in this court on the

part of the defendant in error, nor any briefs filed. Whilst we have carefully searched the record, yet if the judgment here were adverse to defendant in error, having made such default, she would be entitled to no consideration on a petition for rehearing if the contention therein was as to what questions were presented by the record.

The judgment of the lower court is affirmed.

All the Justices concur.