## TURNER v. MILLS *et al.*

No. 1216.   Opinion Filed November 18, 1911.

Rehearing Denied February 6, 1912.

(120 Pac. 1092.)

**APPEAL AND ERROR** — Record — Questions Presented for Review. Where a motion to dissolve a temporary injunction states facts which, if true, require a dissolution of the injunction, and where the evidence offered at the hearing of the motion to dissolve is not brought up by case-made, an order dissolving the temporary injunction will be affirmed.

(Syllabus by Rosser, C.)

*Error from District Court, Muskogee County;*
*John H. King, Judge.*

Action by Clarence W. Turner against Nancy F. Mills and others. From an order dissolving a temporary injunction, plaintiff brings error. Affirmed.

*Chas. Bragg,* for plaintiff in error.

*Brook & Brook,* for defendants in error.

Turner v. Mills et al.

Opinion by ROSSER, C.   The plaintiff, C. W. Turner, brought this action against the defendants to recover the sum of $3,500 damages, which he claims to have sustained by reason of certain incumbrances on land described in his petition, purchased by him from the defendants, and also to obtain an injunction against the levy of a certain execution issued upon a judgment obtained by the defendants Nancy F. Mills, Solomon Franklin, Stephen Franklin, and Eliza Potts against him for $1,200.   The court issued a temporary injunction, which was afterwards, on motion of defendants, dissolved on the 12th of November, 1909.   This proceeding is brought to reverse the action of the court in dissolving the temporary injunction.

The motion to dissolve the temporary injunction contained three paragraphs, as follows:

"(1) The petition of plaintiff is insufficient to entitle him to said relief.   (2) The facts, as set out in the complaint herein filed, show that no grounds exist for interposition of equity. (3) Because the matters and things contained in said petition are matters *res adjudicata*."

This case is brought here upon a transcript of the record. The evidence offered before the lower court was not preserved, and is not before this court.   The presumption is that the trial court had sufficient evidence before it to justify it in dissolving the injunction.   *De Vitt et al. v. City of El Reno,* 28 Okla. 315, 114 Pac. 253; *Arnold v. McLellan,* 27 Okla. 598, 112 Pac. 1018; *Insurance Company of North America v. Gish, Brook & Co.,* 25 Okla. 78, 105 Pac. 672, and cases there cited.

It is urged in the brief of counsel that the court dissolved the injunction upon the ground that it had no power to enjoin the judgment of the Supreme Court.   A recital in the order dissolving the temporary injunction is capable of this construction. But the motion to dissolve pleads *res judicata,* and the order is capable of the construction that, by the judgment of the Supreme Court, the matters contained in the petition had been adjudicated.   The judgment should be given the construction which will support it.

The case should be affirmed.

By the Court:   It is so ordered.