SCHOOL DIST. NO. 38, LE FLORE COUNTY, v. SCHOOL DIST. NO. 92, LE FLORE COUNTY.

No. 3578.    Opinion Filed May 12, 1914.

(140 Pac. 1144.)

1. APPEAL AND ERROR—Presentation for Review—Case-Made— Evidence. Where a case-made upon appeal does not contain a statement that it contains all the evidence presented upon the trial, no error assigned which requires an examination and re-view of the evidence can be reviewed by this court.

2. NEW TRIAL—Hearing Before New Judge—Presentation of Error —Disposition of Motion. Where a motion for a new trial is filed, and the judge who tried the cause retires from the bench leaving such motion pending and undisposed of, his successor will, ordi-narily, grant a new trial, where the motion involves a review of the evidence taken upon the trial, and the proceedings before the former judge, and the same has not been preserved by case-made or other record so the new judge can review the grounds for new trial.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Le Flore County;*
*P. C. Bolger, Judge.*

Action by School District No. 92, Le Flore County, against School District No. 38, Le Flore County. Judgment for plain-tiff granting new trial, and defendant brings error. Affirmed.

*John R. Pollan,* for plaintiff in error.

*White & Dubois,* for defendant in error.

Opinion by RITTENHOUSE, C.   This action was brought in the county court of Le Flore county, Okla., by school district No. 92, Le Flore county, against school district No. 38, Le Flore county, for judgment in the sum of $150.   A jury was waived, and the cause submitted to the court, presided over by Hon. James L. Hale, county judge, and the court, after being fully advised in the premises, found for the defendant, and on the 2d day of June, 1910, rendered judgment according to such finding.   On June 4, 1910, the plaintiff filed a motion for a new trial, and on the 4th day of February, 1911, said motion came on for hearing before the county court of Le Flore county; Hon. P. C. Bolger, having succeeded said Hon. James L. Hale as judge of said court, was at said time presiding over such court as such judge.   The motion for a new trial was sustained by Hon. P. C. Bolger, judge of said court, and a new trial granted.

There is only one assignment of error presented to this court by the petition in error, and that is:  "The said court erred in sustaining a motion for a new trial, and in granting a new trial." The motion contains seven grounds for a new trial, as follows:

"First, because the court erred in holding that the county superintendent had no authority to make the order introduced in evidence, directing defendant to pay plaintiff $300; second, because the court erred in finding the facts in favor of the defendant and against the plaintiff; third, because the court erred in finding the law in favor of the defendant and against the plaintiff; fourth, because the court erred in rendering judgment for the defendant and against the plaintiff; fifth, because the court' erred in holding that the award of the county superintendent was a division of the taxes levied and uncollected, and not an equitable distribution of the property of said school district No. 38; sixth, because the judgment of the court is contrary to the evidence; seventh, because the judgment of the court is contrary to the law."

In order to pass upon any of the grounds contained in the motion for a new trial in this cause, it would be necessary to examine the evidence, and the record does not affirmatively show

230    SUPREME COURT OF OKLAHOMA.

School Dist. No. 38, Le Flore Co., v. School Dist. No. 92, Le Flore Co.

a recital or statement that the same contains all the evidence introduced at the trial. This court cannot, in the absence of such recital or statement, consider an assignment which would require such examination and review of the evidence. *Exendine v. Goldstine,* 14 Okla. 100, 77 Pac. 45; *Sawyer & Austin Lbr. Co. v. Champlain Lbr. Co.,* 16 Okla. 90, 84 Pac. 1093; *Martin v. Gassert,* 17 Okla. 177, 87 Pac. 586; *Schriber v. Buckner,* 18 Okla. 298, 90 Pac. 10; *Wagner v. Sattley Mfg. Co.,* 23 Okla. 52, 99 Pac. 643; *Insurance Co. of North America v. Gish, Brook & Co.,* 25 Okla. 78, 105 Pac. 672; *Turner v. Mills,* 32 Okla. 191, 120 Pac. 1092.

There is nothing in the record which indicates upon which ground of the motion the court granted a new trial, and, if any one of the several grounds for a new trial was sufficient upon which to base the judgment, the action of the court sustaining the motion will not be disturbed. There is no evidence before this court, and we will presume, in the absence of an affirmative showing in the record, that there was no evidence before the trial judge at the time of the hearing of the motion for a new trial.

It is admitted in the record that Hon. P. C. Bolger succeeded Hon. Jas. L. Hale as judge of the county court of Le Flore county, before whom this cause was tried, and that the motion for a new trial was pending in said court and undisposed of at the time Hon. P. C. Bolger was inducted into office as such judge, and he, not having heard the evidence, seen the witnesses, observed their conduct, demeanor, and appearances while they were testifying, could not intelligently determine whether the judgment was contrary to the law and evidence, unless he had presided at the trial and was familiar with the evidence and the demeanor of such witnesses. The litigants are entitled to a judicial determination of the facts by the court who tried the cause, as well as by the jury which heard the evidence, and the court, in the exercise of its discretion under the circumstances in this cause, had a right to grant a new trial, and this court will not hold that there has been an abuse of discretion.

It was held in the case of *Atyeo v. Kelsey,* 13 Kan. 212, that:

"Where a new trial has been granted, both parties have another opportunity of having a fair and impartial trial upon the merits of the action; but, where a new trial has been refused, the matter is ended, unless a reversal can be had. Hence new trials should be favored instead of being disfavored, wherever any question can arise as to the correctness of the verdict. As a rule, no verdict should be allowed to stand unless both the jury and the court trying the cause can say that they believe that the verdict is correct. While the question is before the jury, they are the sole and exclusive judges of all questions of fact; but, when the matter comes before the court upon a motion for a new trial, it then becomes the duty of the court to determine for itself whether the verdict is sustained by sufficient evidence."

In the case of *Woodfolk v. Tate,* 25 Mo. 598, the court held:

"A party to a suit has the same right to have his motion for a new trial heard and duly considered as he has to institute or defend an action. An acknowledged ground for granting new trials is that a verdict is against the weight of evidence; and if, in this case, the court was embarrassed by the circumstances, and could not pass on the merits of the motion, it ought to have directed a new trial. It is better to allow a new trial, where the court for any cause cannot consider the merits of an application for that purpose, than to refuse it; for, by denying the motion, without giving the party the benefit of being heard or of having his reasons considered, irreparable injury may be done; while, on the other hand, the prevailing party in the verdict will only suffer by delay, and generally will secure another verdict, if he is entitled to it."

In the case of *Bass v. Swingley,* 42 Kan. 738, 22 Pac. 717, the court held:

"Where a case is tried before both the court and a jury, each party is entitled to have the intelligent opinion of both the court and the jury upon the evidence introduced; and to permit another judge, who did not hear the evidence, to determine whether the verdict of the jury is sustained by sufficient evidence or not would be very much like permitting another jury that did not hear the evidence introduced on the trial to render the verdict in the case. If a party in such a case may, against his will, be deprived of the opinion of the court upon the evidence introduced, why may he not also against his will be deprived of the opinion of the jury upon the evidence? Why, indeed, may not a trial upon a single cause of action be divided into parts,

and one part be before one judge and jury upon a portion of the evidence, and another part before another judge and jury and upon another portion of the evidence? This would all be wrong. Each party, we think, in a trial before the court and a jury, is entitled to the intelligent opinion of both the court and the jury, and no judgment could properly be rendered in the case against the will of either party until he has had the intelligent opinion of both the court and the jury."

State v. Bridges, 29 Kan. 138; State v. McClintock, 37 Kan. 40, 14 Pac. 511; Ohms v. State, 49 Wis. 415, 5 N. W. 827; People ex rel. Wright v. Judge of Superior Court of Detroit, 41 Mich. 726, 49 N. W. 925; Cocker v. Cocker, 56 Mo. 180; State v. Boogher, 3 Mo. App. 442; Jones v. Holmes, 83 N. C. 108; U. S. v. Harding, 1 Wall. Jr. 127, Fed. Cas. No. 15,301; Boynton v. Crockett, 12 Okla. 57, 69 Pac. 869; Lookabaugh v. Bowmaker, 30 Okla. 242, 122 Pac. 200.

Under the facts in this case, we have concluded that the court properly sustained the motion for a new trial, and the cause should therefore be affirmed.

By the Court: It is so ordered.