THE PROTECTION LIFE INSURANCE COMPANY

*v.*

AMELIA DILL *et al.*

1. EVIDENCE—*secondary.* Where a policy of insurance sued on is not in the possession of the plaintiff but of the defendant, and is mislaid so that it can not be produced, parol evidence on the part of the plaintiff is competent to establish the execution and contents of the policy, and if the evidence tends to prove such facts, there is no error in refusing a motion to exclude the same.

2. Where a policy of insurance is shown to have been lost, and parol evidence of its contents given to the jury by the plaintiff, it is error to refuse to allow the defendant to introduce in evidence a book of the company containing the date of the policy, amount of insurance, to whom payable, name of the assured, etc., which is shown to be a substantial copy of the policy made by an officer of the company, and taken from the policy before its delivery. Such book, with the testimony of the officer who made the entry from the policy, seems to be the best secondary evidence of the contents of the policy.

3. SAME—*books of private corporation.* The books of an insurance company organized on the mutual plan, whereby a party assured becomes a member, are competent evidence against the holder of a policy, though it might not be against a stranger.

4. INSTRUCTION—*as to evidence.* The court has no right to instruct the jury that there is no evidence to prove a certain fact where there is any evidence tending to prove such fact, and thus take such evidence from the consideration of the jury.

5. SAME—*singling out isolated fact.* An instruction is faulty and properly refused which singles out an isolated fact, and especially calls the attention of the jury to it.

6. SAME—*as to degree of evidence required.* There is no error in refusing an instruction in a civil suit which, in effect, tells the jury that certain facts must be established by satisfactory evidence and by a preponderance of the evidence, or the plaintiff can not recover. Such an instruction is calculated to mislead, as indicating that more than a bare preponderance is necessary to a recovery.

7. NEW TRIAL—*newly discovered evidence.* Where it appears, on a motion by the defendant for a new trial, that diligent search had been made for the instrument in writing sued upon, when the suit was brought, and could not be found before the trial, and recovery by the plaintiff, and that it had been subsequently found, and showed clearly that the plaintiff had no cause of action, as it was payable to another whose receipt was indorsed thereon, a new trial should be granted on the ground of such newly discovered evidence.

8. On a motion for a new trial on the ground of the discovery of new evidence since the trial, the question of the forgery of such evidence, if in writing, can not be tried, but it must be treated as genuine, for the purposes of the motion.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. ARNOLD TRIPP, and Mr. E. B. SHERMAN, for the appellant.

Mr. HENRY B. MASON, for the appellees.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

The policy declared upon was not in the possession of appellees, and was not introduced in evidence on the trial, but

parol evidence was offered and admitted to establish the execution of the policy and its contents.   While the parol evidence introduced was not as satisfactory and conclusive as the policy itself, had it been produced, yet the evidence was competent, as tending to prove the existence and contents of the policy declared upon, and the court did not err in overruling the motion of appellant to exclude the proof from the jury.

The appellant, after making proof of the loss of the policy, offered in evidence a book of the company, known as the "policy register," which contained the date of the policy, amount of insurance, to whom payable, name of assured, etc. This proof the court excluded.   The book contained a substantial copy of the policy.   The entry was made by an officer of the company, in a book provided for that purpose, from the policy itself, before it left the office of the company and before it was delivered to the assured, and as the policy was lost, and its contents had to be established by secondary evidence, we are aware of no reason why the policy register was not competent evidence.   Indeed, the book, in connection with the evidence of the officer of the company who made the entry therein from the policy, would seem to be the best secondary evidence of the contents of the policy.   The company, as appears, was organized on the mutual plan.   The assured, on receiving the policy, became a member of the corporation, and while the books of the company might not be competent evidence against a stranger, yet, under the decision in *Chase* v. *The Sycamore and Courtland R. R. Co.* 38 Ill. 215, the books would be evidence against a member and policyholder of the company, and we are of opinion the court erred in excluding this evidence.

The court refused instructions numbered three, four and seven, asked on behalf of appellant, and this decision is relied upon as error.

The third instruction tells the jury that there is no evidence before them to prove the execution of the policy.   Had there been no evidence whatever before the jury bearing upon the

question, perhaps the instruction might have been proper; but there was evidence tending to prove the execution of the policy, and the court had no right to instruct in such a manner as would take that testimony from the consideration of the jury.

The fourth instruction was properly refused, if for no other reason, on the ground that an isolated fact was singled out and the attention of the jury specially called to that fact. Such instructions have often been condemned by this court; and upon this question we need but cite *Chittenden* v. *Evans,* 41 Ill. 251, which would seem to be conclusive upon the question.

The seventh instruction, in effect, told the jury that certain facts must be established by satisfactory evidence and by a preponderance of the evidence, or the plaintiff could not recover. An instruction of this character was liable to mislead the jury. A preponderance of evidence was sufficient to entitle the plaintiff to a verdict, but had this instruction been given, the jury would, no doubt, have concluded, from the language used, that something more was required.

As neither of the instructions was correct in principle, the court did right in refusing them.

After the verdict was rendered, appellant entered a motion for a new trial, on the ground of newly discovered evidence. The court overruled the motion, and this decision is assigned for error. From the affidavit filed in support of the motion, it appears that, before the trial, appellant had made search for the policy, in the office of the company, in all places where such documents were kept, but after careful and diligent search it could not be found. After the trial, the policy, upon a search for other papers, was found in the vault of the company,—not in the place where such papers were usually kept, but in a box in the vault marked "Proof of loss, December 1, 1875." It further appears, that the policy had been placed in that box of the vault by mistake,—that the contents of the box had been examined before the trial and the policy was

not found, because concealed in other papers.   The policy was produced and made a part of the affidavit, and the loss appears to be payable to the husband of Anna Dill, and was assigned by him to Martin Miller, who received from the company the full amount of the loss, and receipted for the same upon the policy.

From the affidavit it clearly appears appellant was guilty of no negligence in failing to produce the policy on the trial. Diligent search was made in all places where such papers were kept, and it could not be found; nor can it be said this newly discovered evidence was cumulative, merely.   The main controversy in the case was, whether the policy was payable to appellees or to the husband of the assured.   The policy itself would be the most important proof upon that point.   Indeed, if the policy which Anna Dill obtained from the company was payable to her husband, appellees could not recover.   It is true, courts reluctantly grant new trials on newly discovered evidence, but in this case justice seems to demand it should be done.   In *Wilday* v. *McConnell,* 63 Ill. 278, the finding of a lost or mislaid receipt subsequent to a verdict, was held to be sufficient ground for vacating a verdict and granting a new trial.   The reason for a new trial here seems to be stronger than in the case cited.   We are, therefore, of opinion, the court erred in denying the motion.

It is, however, suggested, that the newly discovered evidence is a forgery, the names of the payees being fraudulently altered.   This question we can not try on affidavits or a motion for a new trial.   It will properly arise on the trial of the cause upon its merits, where it can be investigated in a manner which the importance of the question demands.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*