J. R. PARKER v. M. A. BATES.

1. DRUG BUSINESS; *Wife Owning Stock.* Where a wife engages in the business of buying and selling drugs and medicines, and the business is intrusted to the general management of her husband, and under his management the stock is increased in value from about $400 up to $700 or $800, *held,* that the stock does not thereby become his, nor does the wife become merely a preferred creditor of the husband, entitled only to the money originally invested by her in such business; but she continues to own the property constituting such stock.

2. ———— *Held,* Under the facts of this case, that there was sufficient evidence to sustain the verdict and judgment.

3. NEW TRIAL, *No Error in Refusing.* After the verdict against the defendant, the defendant moved for a new trial on the ground of surprise which ordinary prudence could not have guarded against; and the alleged surprise was that one of the witnesses for the plaintiff testified in a manner which the defendant did not expect. The matter, however, with respect to which the witness testified had but little connection with the merits of the case, and the defendant introduced some evidence tending to contradict such testimony. The defendant desired to obtain a new trial for the purpose of introducing further evidence showing that the testimony of such witness was not true. *Held,* That a new trial is seldom granted for the purpose of permitting a party to introduce merely impeaching testimony; and generally where a new trial is granted for the purpose of permitting a party to introduce additional evidence, the additional evidence must go to the merits of the case; and generally, also, the evidence should not be merely cumulative. And *further held,* under the facts of this case, that the court below did not err in overruling the motion for the new trial.

4. EXCESSIVE DAMAGES; *Judgment not Reversed.* The damages awarded by the jury against the defendant would seem to be more than the jury should have allowed; but still, under the evidence, they do not appear to be so excessive as to show that the jury were governed by passion or prejudice, or to authorize the supreme court to reverse the judgment of the district court because of such excess.

*Error from Harvey District Court.*

AT the September Term, 1882, of the district court, plaintiff *Bates* had judgment against defendant *Parker*, who brings the case here. The nature of the action, and the facts, appear in the opinion.

*G. A. Vandeveer*, and *Brown & Zimmerman*, for plaintiff in error.

*J. W. Ady*, and *W. E. Lathy*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought by M. A. Bates against J. R. Parker, for the recovery of certain drugs, medicines, and other articles constituting a part of a drug store. It appears that, some time prior to the commencement of this action, one J. H. Lawson obtained a judgment before a justice of the peace of Harvey county, Kansas, against C. H. Bates, the husband of the plaintiff in this action, and caused an execution to be issued on such judgment, which execution was put into the hands of J. R. Parker, the defendant in this action, who, as constable, levied the same upon the property in controversy, as the property of C. H. Bates. Soon thereafter, M. A. Bates, the wife of C. H. Bates, replevied the property from the constable, claiming the same as her own separate property. A trial was had in the district court, before the court and a jury, which resulted in a verdict and judgment in favor of the plaintiff and against the defendant for the recovery of the property, and for $50 as damages for the wrongful detention thereof. For the reversal of this judgment, the defendant now brings the case to this court.

The first and one of the principal propositions advanced by the plaintiff in error, defendant below, is that the plaintiff below, M. A. Bates, having originally invested only about $100 in the drug business, and then having intrusted it to the management of her husband as her agent, under whose management the stock was increased in value to the amount of $700 or $800, that thereby the stock became his and she became only a preferred creditor, entitled only to the money originally advanced by her and interest thereon. This proposition we think is not correct; but even if it were correct, it

would at least be questionable whether the result which the plaintiff in error claims would necessarily follow. According to the evidence of the plaintiff below, the goods belonged to Mrs. Bates at the time of the commencement of the drug business in August, 1879, and they continued to belong to her up to the trial of this action in October, 1881. The business was at all times carried on in her name, and her husband had no other connection with the business or with the goods than merely to manage the business as her agent. Now if this evidence is true, then we do not think the goods ever became the property of the husband, or that he ever had any interest therein. (See act relating to married women, Comp. Laws of 1879, ch. 62; *Tallman v. Jones,* 13 Kas. 439; *Monroe v. May,* 9 id. 466.) The mere fact that the stock increased in value under the management of Bates could not make the property his. But if the title to the property could be changed or transferred in such a manner, would the property become Bates's when the property had increased in value one dollar, or five dollars, or fifty dollars, or four hundred dollars? The increase was gradual from the time Mrs. Bates went into business, in August, 1879, up to about May, 1881. We think no change or transfer of title occurred.

The next proposition of plaintiff in error is, that the verdict and judgment are against the preponderance of the evidence. Now we cannot reverse the judgment for that reason only, when manifestly there is sufficient evidence to sustain the verdict and judgment.

The third proposition of the plaintiff in error is, that the court below erred in overruling the motion of the plaintiff in error, defendant below, for a new trial, on the ground of surprise which ordinary prudence could not have guarded against. On the trial, the defendant below attempted to prove that C. H. Bates put about $450 of his own money into a grocery business in March, 1879, and that afterward he sold his interest in the grocery and put the proceeds thereof into the drug business, which drug business included the property now in controversy. The defendant proved on the trial

that Bates said he put this money into the grocery business, and introduced evidence tending to prove that the same was true; but Bates himself testified that he did not invest this money either in the grocery business or in the drug business, but that he paid it out to various persons not furnishing any goods for or having any connection with either the grocery business or the drug business. Here is where the defendant claims to have been surprised. He claims that he was surprised that Bates testified that he paid this money to these various other persons above mentioned, and he now wishes to obtain a new trial for the purpose of proving by these various persons, four or five in number, that Bates did not pay to them the amounts which he testified he paid to them, but that he paid to them about $275 less than he testified that he paid to them. It will therefore be seen that the defendant desires the new trial principally for the purpose of impeaching the testimony of C. H. Bates, and not for the purpose of obtaining evidence to prove or disprove any material fact in the case. The mere fact, if it be a fact, that Bates did not pay certain money to certain persons who have no connection with this case, is not material in the case. If the defendant should prove, as he claims he can prove, that Bates did not make the payments which he testified he made to these various persons, that would not at all prove that he invested the money in the grocery business or in the drug business. It would not prove what he did with his money. He might have used it in a thousand different ways without putting one cent of it in either the grocery business or the drug business. But what difference can it make even if he did put it in the grocery business? Mrs. Bates admits that over $300 of the money which she invested in the drug business were the proceeds of the sale of the grocery. She says that when her husband sold the grocery he paid her out of the proceeds thereof over $300, which amount he had sometime previously borrowed of her, and that she invested that amount with other money in the drug business.

A new trial is seldom granted for the purpose of per-

mitting a party to introduce merely impeaching testimony. Generally, where a new trial is granted for the purpose of permitting a party to introduce additional evidence, the additional evidence must go to the merits of the case. And generally, also, the evidence should not be merely cumulative, as we think the evidence proposed to be introduced in this case is. There was evidence introduced on the trial tending to contradict Bates; and the proposed evidence, for the opportunity of introducing which the new trial is now asked, is intended for precisely the same purpose. Besides, the defendant below, plaintiff in error, could not have been so very greatly surprised, for the drug business had been carried on for nearly two years in the name of Mrs. Bates before the goods were replevied; and the defendant must have known that the plaintiff, Mrs. Bates, claimed the goods as her own, and that if the defendant should introduce any evidence tending to show that C. H. Bates had any interest in the goods, or had invested any money therein, that the plaintiff would introduce other evidence tending to contradict or explain away such evidence. We would hardly think that the surprise of the defendant was of such magnitude or materiality as to authorize a reversal of the judgment of the court below.

The fourth proposition of the plaintiff in error, defendant below, is, that the damages found by the jury are excessive. The damages assessed are $50. It would seem to us that this is more than the jury should have allowed; but still, the damages do not appear to be so excessive as to show that the jury were governed by passion or prejudice, or as to authorize this court to reverse the judgment of the court below, which approved the verdict of the jury.

The judgment of the court below will be affirmed.

All the Justices concurring.