THE STATE OF KANSAS v. WILLIAM SMITH.

1. VERDICT, *When Not Set Aside.* Where the testimony offered by the state, when taken alone, is competent and sufficient to sustain the prosecution, a verdict which has been approved by the district court will not be set aside in the supreme court for insufficiency of the evidence.

2. NEW TRIAL, *No Ground for.* As a general rule, newly-discovered evidence the purpose of which is to discredit a witness in the original trial, does not afford adequate ground for the granting of a new trial.

3. —————— *Inadmissible Evidence.* The declarations of a party other than the defendant which formed no part of the *res gestæ*, although they may amount to an admission that he committed the offense charged against the defendant, are not admissible in evidence in behalf of the defendant, and an application for a new trial based on such evidence was properly refused.

4. —————— *Evidence Sustains Charge.* Evidence examined, and held to be sufficient to sustain a charge of assault.

*Appeal from Brown District Court.*

PROSECUTION for an assault with intent to kill. Trial had in October, 1885, when the defendant *Smith* was convicted of an assault only, and sentenced to pay a fine of $100 and the costs of the prosecution, and to be committed to the jail of Brown county until the sentence was complied with. The defendant appeals.

*C. W. Johnson,* for appellant.

*S. B. Bradford,* attorney general, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: William Smith was charged with having, on January 31, 1885, beat and assaulted Samuel Snyder with a pistol with intent to kill him, and at a trial had in October, 1885, he was convicted of a simple assault. He appeals, and urges several objections to the conviction, the first of which is that the verdict is not supported by the evidence. We have

looked into the evidence, and are of the opinion that the objection is not tenable. If the jury believed the witnesses for the state, they could do no less than convict. That an assault was made upon Snyder at the time charged, was practically conceded in argument, and cannot be doubted. He states that he went out in the dusk of the evening to do chores, and as he came out of his barn he was assailed by the defendant, who struck him, caught him by the whiskers, then drew a pistol or revolver and pointed it at him, when Snyder cried out in a loud voice, "Oh! oh! Bill," and the defendant then ran away. There is also testimony that for some time previous, the defendant entertained an ill feeling toward Snyder. It is also agreed that the defendant, in company with another young man, traveled along the road near Snyder's barn about the time of the assault. Another witness for the state claims to have seen the defendant and his companion leave the road and go toward the barn, and that very soon afterward the outcry by Snyder was heard. Then there was the correspondence of the tracks in the snow with the shoes worn by the defendant, and some other circumstances corroborative of Snyder's testimony. Of course there was testimony given in behalf of the defendant strongly contradictory of that offered by the state. The defendant and his companion, while admitting that they passed by Snyder's on the evening of the assault, flatly deny leaving the road or going upon Snyder's premises, or that the assault was made by defendant. Some other testimony was offered, tending to show that Snyder was mistaken as to the identity of the person who assaulted him. But the credit of the witnesses, as well as the conflict of the testimony, have been 1. Verdict, when settled by the jury. The testimony of the state, not set aside. taken alone, was clearly competent, and sufficient to sustain the verdict; that verdict has been approved by the trial court, and it is well settled that in such a case the verdict will not be disturbed by this court.

Counsel for defendant claims that the result reached by the jury is a "split verdict," and should for that reason be set aside. In his argument he says: "The evidence of one side

or the other is true. If Snyder's is true, no simple assault was committed, but an outrageous battery; if the other, no assault was committed by William Smith; hence the evidence does not sustain the verdict of simple assault." There is testimony, it is true, that the defendant pulled Snyder's whiskers and struck him with a board, but the only battery charged in the information was that the defendant beat Snyder with a pistol or revolver. On cross-examination Snyder said that the defendant did not strike or shoot him with the pistol; hence a mere assault was the highest degree of the offense that was warranted by the testimony under the information, and therefore no compromise of the verdict or prejudice of the jury can be properly inferred.

It is next urged that a new trial should have been granted, on the ground of newly-discovered evidence. Mrs. Morris, a witness for the state, testified that she was standing on her door-step and saw the defendant and his companion jump over the fence and run to Snyder's barn just prior to the assault. By the new evidence it is proposed to show that the testimony of Mrs. Morris was untrue; that she had said at another time that it was so dark she was unable to recognize two men who passed along the road and went to Snyder's barn, and also that the hedge and trees which were standing in front of where she was obstructed her view, so that she could not have seen all she claimed to have witnessed. The testimony of Mrs. Morris was upon a collateral fact, and was only corroborative of the direct evidence of Snyder. Besides, the sole purpose of this 2. New trial, no new evidence is simply to discredit Mrs. Morris; ground for. and the general rule is that evidence of that character does not afford adequate ground upon which to obtain a new trial. (*Parker v. Bates*, 29 Kas. 597; Wharton's Crim. Prac. and Plead., 869, and cases cited.)

There was testimony offered on behalf of the defendant on the trial, tending to show that two men other than the defendant and his companion were seen near Snyder's about the time of the assault. In the affidavits for a new trial, it is said two men, Eugene Brown and Al. Mitchell, returned from the

town of Robinson to their home, on the evening of the assault, about half-past eight o'clock, and that they acted somewhat excitedly and strangely; and that some time after their arrival one of them made use of the expression, "Oh! oh! Bill, don't." This expression corresponded with the one made by Snyder when he was assailed; but it was made by strangers 3. Inadmissible to this prosecution, about two hours after the as-
evidence. sault was made, and at a place somewhat remote from where it occurred, and cannot be regarded as a part of the *res gestæ.* The action of these parties is not necessarily connected with the guilt or innocence of the defendant. Proof of their guilt would not establish the innocence of the defendant; and even if their statement had gone so far as to amount to a confession that they had assaulted Snyder on the evening in question, it would not be competent evidence in behalf of the defendant. Had these parties been upon trial, their acts and declarations as set forth in the affidavits for a new trial would have been competent evidence against them; but as they are strangers to this prosecution, their acts and declarations cannot be admitted in evidence. (*The State v. Duncan,* 6 Ired. 236; *The State v. White,* 68 N. C. 158; *The State v. Bishop,* 1 Am. Crim. Rep. 594.)

Some objections were made to the ruling of the court in the admission of evidence, and also to the instructions that were given, but an examination shows them to be not well taken, and to need no comment.

We find no error in the record, and the judgment of the district court will therefore be affirmed.

All the Justices concurring.