Grotte v. Schmidt.

## GROTTE v. SCHMIDT.

New Trial: NEWLY-DISCOVERED EVIDENCE. In an action for a balance on the price of intoxicating liquors sold by plaintiff to defendant, there was a judgment for defendant on a counter-claim to recover the money already paid on the liquors, on the ground that the sales were illegal, because plaintiff had no authority to sell them. On the trial plaintiff claimed to have such authority, but was unable to prove it, and the court ordered a verdict for defendant. It was afterwards made to appear that before the trial diligent search was made for the record of plaintiff's authority in the office of the auditor of the proper county; but it was not found, and that after the trial such record was found, upon a further search, in a room formerly used by the board of supervisors, but then used as a janitor's room, in the court house. *Held* that this was newly-discovered evidence on which the district court might properly, in the exercise of its discretion, grant a new trial.

*Appeal from Carroll District Court.*—HON. J. H. MACOMBER, Judge.

FILED, JUNE 3, 1890.

THIS is an appeal from an order of the district court granting a new trial in an action to recover the value of certain beer sold by the plaintiff to the defendant. The sale of the beer was admitted, but the defendant alleged that it was sold contrary to law. He had paid on the account sued on some one thousand and fifty dollars, which included the value of some beer bottles which were

returned to the plaintiff. It was admitted that upon
the face of the account the sum of about three hundred
dollars was due to the plaintiff, but defendant claimed
that, as the sales were illegal, he was entitled to recover
back the money paid. The result of the trial was that
the court directed the jury to return a verdict for the
defendant for $742.50. The plaintiff presented a motion
for a new trial, which motion was sustained, and defend-
ant appeals.

*Geo. W. Paine* and *Beach & Hoyt*, for appellant.

*Macy, Sweeny & Jones* and *Macomber & Son*, for
appellee.

ROTHROCK, C. J.—The beer in question was sold by
the plaintiff to the defendant in the year 1885. At that
time the board of supervisors was authorized by law to
grant permits for the sale of intoxicating liquors for
medicinal, culinary, mechanical and sacramental pur-
poses. The plaintiff had such a permit, but was
unable to make such proof thereof as the court thought
to be sufficient; and for that reason a verdict was
ordered for the defendant. In the motion for a new
trial the plaintiff claimed that he discovered evidence,
after the verdict, which established the fact that he was
authorized to sell liquors by a permit from the board
of supervisors of Polk county. The court, after an
examination of the showing, and in the exercise of its
discretion, ordered a new trial.

It is claimed by counsel for appellant that the court
abused its discretion, because the evidence ought not to
be regarded as newly discovered, but that it should
have been procured before the trial. It appears from
the affidavits attached to the motion for a new trial
that before the trial the auditor's office of Polk county
was diligently searched for the records and original
papers pertaining to the application and granting of a
permit to the plaintiff. After the trial, another search
was instituted in a room formerly occupied by the board

of supervisors, and now used as a janitor's room.   Said room was not, at the time of the search, occupied by the auditor for any purpose.   The original papers were found on this last search, from which it appears without doubt that the plaintiff was the holder of a proper permit when he sold the beer in question to the defendant.   We need not set out these papers.   It is enough to say that among them was found what appears to be a full record of the proceedings, including a record entry or permit to the plaintiff, in due form, in which it is recited that all the requirements of the law were complied with, and that on the eighth day of January, 1885,. the board of supervisors granted the permit.   This order of the board of supervisors, or permit in the form of an order, was unquestionably sufficient authority to plaintiff to sell the beer according to law; and, in an action to recover for beer sold, it was sufficient evidence of authority, without any further showing, and in our opinion the showing that the evidence was newly discovered was sufficient.   We think the order of the district court was not an abuse of its discretion; and it is to be remembered that this court seldom interferes with a ruling of the court below granting a new trial, and that a stronger case should be made to justify the interposition of this court when a new trial has been granted than when it has been refused.   See cases cited in 1 McClain's Dig. 72.   The order of the district court granting a new trial will be            AFFIRMED.