## SOUTHERN DEPARTMENT—CENTRAL DIVISION.
## OCTOBER TERM, 1896.

J. C. McMULLEN v. THE WINFIELD BUILDING AND
LOAN ASSOCIATION.

No. 109.

1. EVIDENCE — *When it is Newly Discovered.* When one of the
issues in an action is the execution, by one of the parties, of a
bond not produced at the trial, but its absence is accounted for
and its contents proved, *held*, that the bond, if found after the
trial, is newly-discovered evidence.

2. ———— *Newly Discovered — New Trial.* If newly-discovered
evidence is material to the issue upon which the verdict of the
jury is founded, it is sufficiently material to uphold an order
granting a new trial.

3. ———— *Diligence — Discretion of Court.* The question of dili-
gence in producing evidence claimed to be newly discovered is
so largely within the sound discretion of the trial court that its
ruling thereon will not be disturbed except for a very gross abuse
of such discretion.

4. ———— *When Newly-Discovered Evidence is Cumulative.*
Where witnesses testify, upon the original trial of an action, that
they have inspected a bond, which cannot be found and the exe-
cution of which is in issue; that it contained the signature of a
certain person; that they are acquainted with his signature and
that it was genuine; and when, in an application for a new trial on
the ground of newly-discovered evidence, the discovery of the
bond is set up, and it is accompanied by the affidavit of these
same witnesses that they have the bond before them; that it con-
tains the signature of the same person; that they are acquainted
with his signature and that it is genuine: *Held*, That such newly-
discovered evidence is merely cumulative and the new trial should
be refused.

MEMORANDUM. — Error from Cowley district court;
A. M. JACKSON, judge. Action by The Winfield
Building and Loan Association against J. C. McMul-

len to recover upon a bond. Judgment for defendant. From an order granting a new trial defendant brings the case to this court. Reversed. The opinion herein, filed October 7, 1896, states the material facts.

*McDermott & Johnson*, for plaintiff in error.
*Stanley & Vermilion*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: This petition in error is prosecuted for the purpose of reversing an order of the district court of Cowley county, granting a new trial in the case of The Winfield Building and Loan Association *v.* J. C. McMullen. The original action was brought to recover upon a bond alleged to have been executed to the loan association by J. F. McMullen, as principal, and J. C. McMullen, as surety, upon which default is alleged to have been made. The answer of J. C. McMullen was verified, and denied the execution of the bond by him as surety, denied that J. F. McMullen had defaulted, and pleaded the statute of limitations. These three questions were put in issue by the pleadings, and upon them the trial was had.

Upon the trial the bond was not produced. It was claimed to have been delivered to J. F. McMullen and its contents were proved. Several witnesses testified that the bond contained the signature of J. C. McMullen and that the signature was genuine. J. F. McMullen testified that J. C. McMullen signed the bond in his presence. J. C. McMullen testified that he had signed a bond about three years prior to this bond, but that he had refused to sign this one for the year of 1885. The jury returned a verdict for the defendant, J. C. McMullen. Afterward the plaintiff

filed a motion for a new trial, alleging as the ground therefor newly-discovered evidence, and setting up that the bond had been found and would be produced upon a new trial of the case. The district court sustained the petition and granted a new trial, upon the payment of the costs of the original action and of this proceeding, and the plaintiff in error brings the case here to procure a reversal of the order granting such new trial.

The petition in this case alleges as the ground for a new trial the seventh subdivision of paragraph 4401 of the General Statutes of 1889, which reads as follows:

"The former verdict, report or decision shall be vacated, and a new trial granted upon the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party: . . . Seventh, Newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

This subdivision presents three questions to be considered by the trial court in passing upon the application for a new trial: (1) The question of the evidence being newly discovered; (2) its materiality; (3) the question of diligence. If we add to this a fourth question, Is the newly-discovered evidence cumulative? we have all the questions necessary to be considered by the trial court upon the hearing of the application for a new trial.

In the trial of the original action, J. C. McMullen denied the execution of the bond by him. The question was, Did the name of J. C. McMullen appear on the bond, and, if so, did he put it there? There was no controversy as to the contents of the bond. The absence of the bond was accounted for and its con-

tents shown. The disputed point to be settled by the bond was the genuineness of the signature of J. C. McMullen. The bond was afterward discovered. The newly-discovered evidence is claimed to be the bond itself.

We think the court was justified in finding that the evidence was newly discovered. The counsel for the plaintiff in error contends that the evidence, even if newly discovered, was not material to all the issues raised by the pleadings. The issues were: (1) The execution of the bond by J. C. McMullen; (2) the default of J. F. McMullen; (3) the statute of limitations. It must be admitted that the bond introduced in evidence could tend to prove but one of these issues, the execution of the bond by J. C. McMullen. It must also be admitted that if any one of these issues is found in favor of the defendant, the verdict and judgment are correct. We cannot adopt the theory of counsel for plaintiff in error that the newly-discovered evidence must be material to all the issues. If it is material to the issue upon which the verdict of the jury was founded, it is sufficient. In this case the jury found specially that J. C. McMullen did not execute the bond. The plaintiff in error contends that the jury were instructed not to answer the special questions if they found for the defendant below. However, they did answer this question and the general verdict of the jury must have been arrived at in accordance with this finding.

Upon the question of diligence we think that it is a matter so largely in the discretion of the trial court that the ruling thereon should not be disturbed except for a very gross abuse of such discretion. In this case no such abuse of discretion is shown.

The only other question is whether the evidence is

merely cumulative. At the trial of the original action the plaintiffs introduced evidence tending to show that the bond had been delivered to J. F. McMullen and was not in the possession of the plaintiffs and could not be procured by them. They thereupon offered evidence to prove the existence, execution and contents of the bond. There was evidence tending to prove that J. C. McMullen signed the bond, and there was evidence tending to prove that he did not sign the bond. The evidence in the original action is all before this court and we can easily determine whether the newly-discovered evidence is cumulative.

In the original action J. S. Mann, W. C. Robinson and Henry Goldsmith testified, in effect, that they had seen the bond in question; that it contained the signature of J. C. McMullen; that they were acquainted with his signature and that it was the genuine signature. In their affidavits attached to the petition for a rehearing, they testified, in effect, that they had the bond in question before them; that it contained the signature of J. C. McMullen; that they were acquainted with his signature and that it was his genuine signature. The only variation in their testimony is, that in the original action they testified in relation to the signature upon a bond that they had formerly inspected, while in the affidavits they testified in relation to the signature upon a bond they were then inspecting.

We are irresistibly forced to the conclusion that the evidence contained in the affidavits is so nearly the same as that given upon the original trial that the court erred in not holding it cumulative and in not denying the petition for a new trial. "Cumulative evidence is evidence of the same kind, to the same point." (1 Greenl. Ev. § 2.) There was no attempt

made to compare the signature on the bond with an acknowledged signature of J. C. McMullen, nor was there any showing made that such a comparison could or would have been made upon the new trial if one should be granted. It is with very great reluctance that we reverse the ruling of the trial court granting a new trial in any case, and we are fully cognizant of the fact that a much stronger case must be made for a reversal where a new trial has been granted than where it is refused, but we feel confident that in this case the trial court erred in its legal conclusions, and that except for such error the new trial would not have been granted. That newly-discovered evidence, merely cumulative, is not a sufficient ground for a new trial, see *Clark v. Norman*, 24 Kan. 515, and many other Kansas cases.

The order of the district court in granting a new trial is reversed, and the case remanded, with instructions to deny the motion for a new trial.

All the Judges concurring.