THE WINFIELD BUILDING AND LOAN ASSOCIATION v.
J. C. McMULLEN.

### No. 10738.

1. NEWLY-DISCOVERED EVIDENCE—*new trial for, properly granted where lost instrument of which surety denied execution was found after verdict for him.* In an action upon a bond against an alleged surety his defense was that he had not signed it. At the time of the trial the bond was lost and could not be produced in evidence. Testimony was offered as to its existence, and witnesses, acquainted with the handwriting of the surety, who had seen the bond, testified that one of the names thereon was the signature of the surety. The verdict was in favor of the defendant; after which the bond was found, and on an application for a new trial the court held that the bond was newly-discovered evidence, that it was material, and not cumulative, and granted a new trial. *Held*, not error.

2. ——— *whether cumulative, depends on its kind and character rather than its effect.* The fact that the newly-discovered evidence may tend to prove the same issue upon which proof was offered on the trial does not necessarily make it cumulative; and whether or not it is cumulative is to be determined from its kind and character rather than from its effect.

Error from the Court of Appeals, Southern Department. Opinion filed June 11, 1898. *Reversed.*

*Stanley, Vermilion & Evans*, for plaintiff in error.
*McDermott & Johnson*, for defendant in error.

JOHNSTON, J.  J. F. McMullen was elected secretary of the Winfield Building and Loan Association, and for the faithful performance of his duties he executed a bond in the sum of two thousand dollars, which was signed by J. C. McMullen as surety. It was claimed that the secretary misappropriated $2,201.75 of the money of the Association, and an action was commenced on the bond. Among other defenses alleged, J. C. McMullen, the surety, denied the execution of the bond; and, upon testimony offered, the jury in

answer to a special question found that he did not execute it, and a general verdict was returned and judgment rendered in his favor. Afterward, the Association filed its petition, under the statute, asking the court to set aside the verdict and judgment on the ground of newly-discovered evidence. The bond had been lost and was therefore not produced at the trial. It was afterward found, and it constituted the newly-discovered evidence upon which a new trial was asked. On the application, testimony was offered as to the loss of the bond and the diligence exercised to secure it before the trial was had. After a full hearing, the District Court granted a new trial and set aside the verdict and judgment theretofore rendered. This order was reversed by the Court of Appeals (46 Pac. 410), and its ruling is here for review.

The Court of Appeals held that the testimony was newly-discovered evidence, that it was material, and that due diligence had been used to obtain it, but that it was cumulative in character; and on this ground the reversal was based.

That the bond was newly-discovered evidence is clear. It was lost and is found. It was very material, from the fact that its execution was denied. When produced, and submitted to the inspection of the jury, they could determine for themselves, from it and from the testimony offered in connection with it, as to the genuineness of the defendant's signature thereon. Whether the surety signed the bond was the principal fact to be investigated; and when the jury found that he did not sign it, they were not required, under the instructions of the court, to pursue their investigations further, nor to determine anything as to the other defenses which were set up. It was therefore a controlling issue in the case; and with respect to it,

1. New trial granted for newly-discovered evidence, when.

the new testimony was of the utmost importance. The District Court and the Court of Appeals therefore correctly ruled that the evidence was newly discovered, that it was material, and further that due diligence had been used to obtain and produce it at the trial. Was it cumulative, and did the trial court err in granting a new trial?

The general rule is that newly-discovered evidence which is merely cumulative is not sufficient ground for a new trial; but we are clearly of the opinion that the proposed testimony cannot be regarded as cumulative merely. "Cumulative evidence is evidence of the same kind to the same point." 1 Greenleaf on Evidence, § 2. The fact that the testimony may tend to prove the same issue upon which proof was offered on the trial, is not enough to make it cumulative; and whether or not it is cumulative is to be determined from its kind and character, rather than from its effect. On the trial, testimony was offered that a bond was executed, and that one of the signatures thereon was that of the surety. This was merely the opinion of experts, which, in character, is distinctly different from the instrument itself upon which the action was brought. Instead of taking the judgment or relying on the opinion of others, the jury can inspect the bond, and, from the inspection and by comparison of the signatures thereon with other signatures admitted or proved to be genuine, determine for themselves the point in controversy. It is a very material item of evidence, on the turning-point in the case, wholly dissimilar in character from that produced on the trial; and therefore cannot be classed as cumulative. *The State v. Tyson,* 56 Kan. 686, 44 Pac. 609; *Cairns v. Keith,* 50 Minn. 32; *Knowles v. Northrop,* 4 Atl. 269; *Protection Life Ins. Co. v. Dill,* 91 Ill. 174; *Wilday v.*

*2. Whether evidence cumulative depends on character.*

*McConnell,* 63 Ill. 278 ; *Guyot v. Butts,* 4 Wend. 581 ; *Platt v. Munroe,* 34 Barb. 291 ; *Wayt v. B. C. R. & N. R. Co.,* 45 Ia. 218.

The ruling of the District Court afforded the parties another opportunity for a fair and impartial trial, wherein all the material testimony might be produced and the truth ascertained. The court was invested with considerable discretion in the matter, and a reviewing court is slow to reverse an order which grants a new trial. And so it has been held that a much stronger case for reversal must be made where the new trial is granted than where it is refused. *City of Sedan v. Church,* 29 Kan. 190 ; *Sanders v. Wakefield,* 41 Kan. 11, 20 Pac. 518.

The judgment of the Court of Appeals will be reversed and the judgment of the District Court will be affirmed.