## Fred Huster v. J. W. Wynn.

(Filed Aug. 25, 1899.)

1. NEW TRIAL—*What Must Affirmatively Appear.* A new trial will not be granted upon the grounds of newly-discovered evidence unless it is made to affirmatively appear that the new evidence would be sufficient to probably change the verdict.

2. SAME—*Cumulative Evidence—Not Sufficient.* Newly-discovered evidence, merely cumulative, is not sufficient ground for new trial.

3. SAME—*Impeachment.* A new trial will rarely be granted for the purpose of procuring evidence of impeachment.

4. SAME—*Appeal—Review.* In the absence of the evidence upon which the verdict was rendered, this court cannot determine the question of the sufficiency of the newly-discovered evidence to affect the result, and will not reverse the action of the trial court overruling a motion for new trial based on newly-discovered evidence.

5. SAME—*Absence of Party.* A party to the action, who was present during a portion of the trial, and who is compelled, by reason of sickness in his family, to be absent during a portion of the trial, and who proceeds without objection or motion for continuance by reason of such enforced absence, will not be heard, after verdict, to urge such absence as ground for new trial.

6. MOTION FOR NEW TRIAL—*Affidavits.* Where a motion for new trial is made on the grounds of newly-discovered evidence, it is essential that the affidavits of the witnesses who will give the newly-discovered evidence should be produced, or their absence accounted for. As a general rule, the unsupported affidavit of the applicant or his attorney will not be sufficient.

(Syllabus by the Court.)

*Error from the Probate Court of Kay County; before Robert A. Neff, Probate Judge.*

*W. S. Cline,* for plaintiff in error.

*McGinnis & Woodson,* for defendant in error.

Action by J. W. Wynn against Fred Huster. Judgment for plaintiff. Defendant brings error. Affirmed.

Opinion of the court by

BURFORD, C. J.: This was an action by Wynn against Huster in the probate court of Kay county to recover the value of certain property, which it was alleged that Huster had unlawfully converted. There was a trial by jury, and verdict and judgment for the plaintiff, Wynn, for the sum of $400.

The only question presented by the record and briefs is whether the trial court erred in overrruling the defendant's motion for new trial on the grounds of newly-discovered evidence, and for the reason that the defendant was unable to be present during all the time the cause was being tried. The defendant below supported his application for new trial by his own affidavit, setting up what facts he expected to prove by the newly-discovered witnesses. The affidavits of the witnesses were not produced, or their absence accounted for. Nor is the evidence given on the trial made a part of the case-made. The court has no means of knowing what evidence was submitted to the jury, or what facts were controverted on the trial. It is a general rule that, before a new trial will be granted on the grounds of newly-discovered evidence, it must be made to affirmatively appear that the new evidence would be sufficient to probably change the verdict, and produce a different result. (*Morgan v. Bell,* 41 Kan. 345, 21 Pac. 255; *Clark v. Norman,* 24 Kan. 515; *State v. Smith,* 35 Kan. 618, 11

Pac. 908; *Carson v. Henderson,* 34 Kan. 404, 8 Pac. 727; *Sexton v. Lamb,* 27 Kan. 432; *State v. Stickney,* 53 Kan. 308, 36 Pac. 714.)

Without the evidence before us upon which the jury based its verdict, we are unable to say that, if the newly-discovered evidence had been introduced, a different result would have been reached.

It appears from the affidavit that the evidence which one of the witnesses would give is to the effect that the plaintiff, at a time prior to the trial, told the witness that the property in controversy, which he testified was his, belonged to another person, and that the witness would testify to this conversation. This evidence is in the nature of impeaching evidence, and it is generally held that a new trial will not be granted for the purpose of introducing impeaching evidence. (*Parker v. Bates,* 29 Kan. 597; *Lee v. Birmingham,* 39 Kan. 320, 18 Pac. 218.)

The motion for new trial was not supported by the affidavits of the witnesses to the facts which it was claimed were in the nature of newly-discovered evidence. The affidavits of the newly-discovered witnesses should be produced, or their absence accounted for. (*State v. Kellerman,* 14 Kan. 135.)

The affidavit in support of motion for new trial contained the further statement that on the morning of the trial the wife of the defendant was sick, and that he did not arrive at the place of trial until after the case was called for trial, and the jury had been partially selected, and that he was unable to remain in court during the entire time of the trial; also that one of his witnesses, who had been subpoenaed, failed to attend at the trial,

and that he did not discover his absence until after the trial had begun. These matters were proper causes for a continuance of the case, and should have been presented to the trial court before the conclusion of the trial, and as soon as discovered. No objection was made to the trial proceeding, and these objections were not made until a verdict had been rendered adverse to the defendant. A party to a suit will not be permitted to proceed with the trial of a cause without objection until an adverse decision is reached, and then be heard to complain of matters which were proper to have been presented before the trial was concluded. These objections come too late. There was no error in overruling the motion for new trial.

Objection is urged that the evidence does not sustain the verdict. In the absence of the evidence from the record, we cannot review any questions affected by introduction, exclusion or weight of evidence. We find no error in the record. The judgment is affirmed, at the costs of plaintiff in error.

All of the Justices concurring.