## LOOKABAUGH v. BOWMAKER.

No. 1168.  Opinion Filed October 10, 1911.

Rehearing Denied November 14, 1911.

1.  NEW TRIAL—Newly Discovered Evidence—Competency.  As our statutes (Comp. Laws 1909, sec. 5829) impose upon the trial judge the duty to hear and decide a petition for new trial on the ground of newly discovered evidence, filed after the term, it is not error to consider all competent evidence offered tending to show that such a new trial would or would not probably produce a different result.

2.  SAME—Newly Discovered Evidence—Cumulative Evidence—Second Petition.  It is not error to strike from the files a second petition for a new trial filed more than a year after the judgment was rendered, which seeks to reopen an order denying the first petition, where the only evidence proposed on the second hearing is merely cumulative to that offered on the first.

3.  SAME—Newly Discovered Evidence—Weight and Character.  A petition for a new trial on the ground of newly discovered evidence should be denied, unless after a hearing on the petition it appears that the newly discovered evidence is of such weight and character as probably to produce a different result.

4.  SAME—Hearing by Successor in Office—Record.  If a petition for a new trial comes on to be heard after the judge's term of office expires, and his successor is in office, it is not the duty of the successor to grant the petition as of course when a transcript of the evidence on the former hearing is presented and considered in connection with the newly discovered evidence.

(Syllabus by Ames, C.)

*Error from District Court, Blaine County; James R. Tolbert, Judge.*

Petition for a new trial by I. H. Lookabaugh, plaintiff in error, defendant below, on the grounds of newly discovered evidence.  Denied.  Affirmed.

*I. H. Lookabaugh* and *Dale & Bierer,* for plaintiff in error.

*A. L. Emery,* for defendant in error.

Opinion by AMES, C.   The question involved in this case is whether the trial court erred in denying a petition for a new

trial on the ground of newly discovered evidence, filed after the term at which the judgment was rendered.

Bowmaker, the defendant in error, plaintiff below, brought this action against Lookabaugh, the plaintiff in error, defendant below, to cancel a mortgage alleged to have been procured by fraud. The case was tried without the intervention of a jury, and a decree was rendered by the court sustaining the charges of fraud. An appeal was taken to this court and the cause was affirmed. (*Lookabaugh v. Bowmaker,* 21 Okla. 489, 96 Pac. 651.) In the opinion, delivered by Mr. Justice Hayes, the facts are somewhat fully stated, and it is unnecessary to repeat them here. The case was tried on November 10, 1905, and an appeal was taken to the Supreme Court, where the opinion was handed down June 24, 1908.

The issue involved was whether or not the plaintiff had been fraudulently induced to sign a mortgage upon his homestead. He admitted that the mortgage should have been given upon another quarter section. His evidence, very briefly stated, was, that in the trade with the defendant he had agreed to give a mortgage on this quarter section; that the defendant had delivered him a deed to the property which he was to receive, and that he had delivered to the defendant a mortgage in accordance with his agreement; that he had been represented up to the time of the exchange of these papers by one Converse; that he had never agreed to include his homestead in the mortgage, and had never authorized Converse to do so; that after the deal was closed Converse drove to his house in the country about midnight, called him out into the yard and told him that the mortgage which he had delivered to the defendant had been mutilated by a dog, and that he wanted him to execute another exactly the same; that Converse then submitted to him a mortgage identical with the one which he had executed and in the handwriting of Converse, which he agreed to sign; that Converse then put the new mortgage in his pocket and they returned into the house; that Converse gave him the old mortgage which he claimed had been mutilated by the dog, and submitted for his signature an-

other mortgage which he thought to be the one which he had read, and which he signed under that impression; that he then went to the highway where a notary public was waiting, and acknowledged it; that in fact, the original mortgage had not been mutilated by a dog, but had been cut with a knife; and that Converse fraudulently substituted the mortgage which he signed for the one which he had agreed to sign. The defendant's evidence tended to deny practically all of the plaintiff's evidence. At the trial, as affecting the credibility of the plaintiff, the question arose as to what commission he was paying Converse, and his testimony was to the effect that all that Converse was to receive was some benefit on account of an indebtedness of $500 which the plaintiff owed him, while Converse testified that he was to receive some live stock, which were to be included in the sale from the defendant to the plaintiff, but as to which the plaintiff denied all knowledge. Likewise, as affecting the credibility of the witnesses, testimony was offered tending to show that the plaintiff had authorized Converse to agree to give the defendant a mortgage on his homestead in addition to the other security. The issues of fact were adjudged in favor of the plaintiff, and the mortgage canceled as to his homestead. On May 12, 1906, the defendant filed, in the district court, a petition for a new trial on the ground of newly discovered evidence in which he set up a copy of what purports to be an instrument in writing, signed by the plaintiff on the day before the deal was closed, authorizing Converse to include the homestead in the mortgage, if necessary, and agreeing that Converse should have the live stock (40 head of cattle and 15 head of horses), as his commission. The purported copy was certified by a notary public. On September 1, 1906, the plaintiff demanded from the defendant an inspection of the original instrument, the purported copy of which was attached to the petition for new trial, and on October 12, 1906, filed a motion to require the defendant to permit an inspection. The motion was sustained on October 16, 1906, and it was ordered that the original instrument be delivered to the clerk for inspection. This order was never complied with. The

petition for new trial remained in this situation until December 1, 1908, when the plaintiff demanded a hearing on it, which was had, and evidence was offered by the defendant, the substance of which was that the witnesses had seen the instrument purporting to be signed by the plaintiff, and that it appeared to be his signature, but that the instrument itself was lost. The plaintiff testified that he had no recollection of ever having seen such a writing. The court denied the petition for rehearing.

. On the 8th of March, 1909, the defendant filed a supplemental petition for a new trial on the ground of additional newly discovered evidence, consisting of an affidavit of the notary public who certified the copy of. the writing that he also knew the plaintiff's signature, and that, in his opinion, it was genuine. The plaintiff filed a motion to strike this supplemental petition from the files, which was sustained, and the questions involved on this appeal grow out of the rulings of the court on these petitions. for new trial.

The first. error alleged is that the court erred in permitting the plaintiff on the hearing of the petition for a new trial to testify that he had never seen the written instrument, a copy of which purported to have been signed by him, and it was argued that if this written instrument was genuine, it was of such a nature as to insure a different result in a new trial, and that the question as to whether or not it was a forgery should not be tried on a petition for a new trial, but should be submitted in determining the merits of the case after the petition had been granted.

Our statute permits a new trial to be granted on the ground of newly discovered evidence, when a petition therefor is filed after the term and within one year after the final judgment, provided the party could not, with reasonable diligence, have discovered the evidence before the trial, if the substantial rights of such party are materially affected. Comp. Laws 1909, secs. 5825-5829. In section 5829. it is provided:

"The facts stated in the petition shall be considered as denied without answer, and if the service shall be complete in vacation, the case shall be heard and summarily decided at the en-

suing term, and if in term, it shall be heard and decided after the expiration of twenty days from such service."

And section 5828 provides that the application, when made upon the ground of newly discovered evidence, "must be sustained by affidavits, showing their truth, and may be controverted by affidavits."

At the trial the defendant offered in evidence a complete record of the previous trial, and, also, testimony showing that the instrument in writing on which he based his application had been lost, but that the original was signed by the plaintiff. He claims, however, that, notwithstanding his evidence on this point, it was reversible error for the court to permit the plaintiff to deny that he had ever seen the instrument, and in support of his claim he cites the case of *The Protection Life Insurance Company v. Dill*, 91 Ill. 174, *Mercer v. King*, 19 Ky. Law, 781, 42 S. W. 106, and *Grotte v. Schmidt*, 80 Ia. 454, 45 N. W. 771. In the Iowa case the question of the admissibility of the evidence was not considered. In the Kentucky case there was a demurrer to the petition for a new trial, and therefore the question of the admissibility of the evidence was not considered. In the Illinois case, however, it is squarely held that:

"On a motion for a new trial on the ground of the discovery of new evidence since the trial, the question of the forgery of such evidence, if in writing, cannot be tried, but it must be treated as genuine, for the purposes of the motion."

In that case, however, the action was on a policy of insurance, and the main controversy was as to the payee; the policy being lost. Evidence of its contents was offered, and after the trial the company found it and it showed that it was not payable to the plaintiff in the case, but it had been paid by the company to the order of the payee. If this was true, it therefore required a different result. In the case at bar the written instrument is merely collateral to the main issue. In view of our statute, we do not think it was reversible error for the court to hear the plaintiff's evidence.

This brings us to the inquiry of whether there was error in denying the first petition for a rehearing and in striking the

second one from the files. As to the latter we are clear, as the newly discovered evidence was simply the testimony of another person, that in his opinion the signature to the instrument was genuine, but as this was merely cumulative it could not be sufficient for a new trial. We therefore take up the main question.

In *Huster v. Wynn*, 8 Okla. 569, 58 Pac. 736, it is said:

"It is a general rule that, before a new trial will be granted on the grounds of newly discovered evidence, it must be made to affirmatively appear that the new evidence would be sufficient to probably change the verdict, and produce a different result. *Morgan v. Bell*, 41 Kan. 345, 21 Pac. 255; *Clark v. Norman*, 24 Kan. 515; *State v. Smith*, 35 Kan. 618, 11 Pac. 908; *Carson v. Henderson*, 34 Kan. 404, 8 Pac. 727; *Sexton v. Lamb*, 27 Kan. 432; *State v. Stickney*, 53 Kan. 308, 36 Pac. 714."

In *McCants v. Thompson*, 27 Okla. 706, 115 Pac. 600, 601, this doctrine is approved, and the court said:

"A new trial should not be granted on newly discovered evidence unless such evidence, if before the jury, ought to have changed the verdict."

*Hobbs v. Smith et al.*, 27 Okla. 830, 115 Pac. 347, 351. The question is, then, Can we say that it affirmatively appears that, if this evidence had been offered, it would have probably changed the result? The issue of fact on this evidence is no less startling than that on the original hearing. The new contract is lost; some witnesses testify that the original was signed by the plaintiff; the plaintiff denies it. It does not go to the exact point in controversy, but is in the nature of impeaching evidence, and the conflict is between the plaintiff and the same witnesses who testified adversely to him at the former trial. We have not overlooked the bearing upon this phase of the case of *The Protection Life Insurance Company v. Dill, supra, Mercer v. King, supra, Grotte v. Schmidt, supra,* and *Winfield Building & Loan Association v. McMullen*, 59 Kan. 493, 53 Pac. 481. They seem to us to be the cases most strongly supporting the contention of the defendant, but in each one of those cases the lost writing which was newly discovered went to the foundation of the case. In the Dill case, in the Mercer case, and in *Winfield Building &*

*Loan Association v. McMullen,* the lost instruments which were newly discovered were the very identical writings sued on, while in *Grotte v. Schmidt* the lost instrument was the one on which the defense was based, so that in all four cases the instruments were controlling, while in the case at bar the instrument was not controlling.

In *Huster v. Wynn, supra,* it is said:

"This evidence is in the nature of impeaching evidence, and it is generally held that a new trial will not be granted for the purpose of introducing impeaching evidence. (*Parker v. Bates,* 29 Kan. 597; *Lee v. Birmingham,* 39 Kan. 320, 18 Pac. 218.)"

On the original trial Converse was a witness, but made no reference whatever to this lost instrument, and he now says that at that time it had never been delivered to him, and he did not know it was in existence, having found it in his father's papers after his death. He testified concerning his agreement with the plaintiff, and his testimony was substantially the same as the contents of the lost instrument. If a new trial should be granted, the newly discovered evidence having been lost again, there would still be the same conflict between Converse and the plaintiff. If there was such a written instrument, and if it contained the provisions alleged, it would be merely cumulative and impeaching evidence, and we cannot say that the trial court abused its judicial discretion in concluding that it would not produce a different result.

The only other assignment of error which calls for comment is that, as the district judge who heard the petition for a rehearing was not the same judge who tried the case, that the petition should have been granted as of course. In support of this proposition *American Central Insurance Company v. Neff,* 43 Kan. 457, 23 Pac. 606, and *Bass v. Swingly,* 42 Kan. 729, 22 Pac. 714, are cited. This question was, however, before our court in *Boynton v. Crockett,* 12 Okla. 57, 61, 69 Pac. 869, 870, where it is said:

"The Supreme Court of Kansas, in the case of *Bass et al. v. Swingley* [42 Kan. 729], 22 Pac. 714, in an opinion by Justice Valentine, exhaustively reviews this question, and holds that

ordinarily it is the duty of a new judge to whom a motion for new trial is made, and who did not try the cause, to grant a new trial, unless the evidence has been preserved by bill of exceptions or otherwise, so that he may have all the proceedings before him for review. This was not done in the case under consideration, and we are unable to say that the court erred in granting a new trial."

As the evidence in this case was all preserved, and under all of the facts in this case, we do not believe it was error for the district judge to deny the petition for rehearing.

For the reasons stated we think the case should be affirmed.

By the Court: It is so ordered.

All the Justices concur.