## D. C. LEE v. JAMES BERMINGHAM.

1. VERDICT, *When Not Disturbed.* The verdict of a jury, sustained by substantial evidence, upon which a judgment has been rendered, will not be disturbed in this court, although the weight of evidence in the record appears to be against the verdict.

2. VERDICT, *Approved by Judicial Act.* The verdict has been approved by the trial court when a judgment has been rendered thereon, notwithstanding the statement of the court at the time the judgment was rendered, if the decision had been left to him, he would have found differently. It is the judicial act which signifies the approval, not the reason or excuse for such action.

3. NEW TRIAL, *Not Granted.* A new trial will not be granted on the ground of newly-discovered evidence, when the testimony proffered is for the purpose of impeachment merely. (*Parker v. Bates,* 29 Kas. 597.)

*Error from Wyandotte District Court.*

EJECTMENT, by *Lee* against *Bermingham*.  Judgment for defendant, at the July term, 1886.  Plaintiff brings the case here.  The material facts are stated in *Lee v. Bermingham*, 30 Kas. 312, *et seq.*, and in the opinion herein.

D. B. *Hadley*, and J. W. *Jenkins*, for plaintiff in error.

John B. *Scroggs*, and John A. *Hale*, for defendant in error.

Opinion by HOLT, C.:  This is the second time this case has been in this court.  (*Lee v. Bermingham*, 30 Kas. 312.)  The statement of facts therein contained is referred to.  This action is for ejectment, and arose from the following facts: About the year 1857, one Walker was a member of the Wyandotte town company.  He sold and transferred his interest in these lots and other property in that city to W. P. Overton; but by some mistake, the town company issued the deed for the lots to Walker instead of Overton.  The deed was properly acknowledged, and filed in the office of the register of deeds of Wyandotte county, but by some oversight was never recorded. About two years afterward Overton discovered that fact, and although a thorough search was made he was unable to find the deed he had deposited for record.  In the meantime a large judgment had been recovered in the district court of Wyandotte county, against Walker, and so Overton, through the advice of his counsel, did not procure another deed from him.  In January, 1880, Overton made a deed to the defendant Bermingham, which was placed on record the next day after its acknowledgment.

The plaintiff claimed title to the land by reason of a sheriff's deed obtained upon an execution issued against Walker.  The judgment referred to was kept alive by repeated executions, until finally the lots in controversy were sold, July 6, 1880, at sheriff's sale.  The case was tried below upon the question whether the defendant had possession of them at the time of the sheriff's sale.  If he had, of course that would have been

notice to plaintiff of all the rights of defendant.   If plaintiff's title is good, it is because he was an innocent purchaser at such sale.   The defendant testified that in March, 1880, he fenced in the lots in controversy, and plowed and sowed them with millet.   In this evidence he is supported, so far as the question of plowing is concerned, by Mr. Purtell, who testified that he plowed the lots in March of that year.   On the other hand, the defendant, who is a non-resident, gave in evidence that upon the day of the sale he, in company with one Arthur, examined the lots, and at that time they were unfenced and unimproved, and no evidence of possession appeared.   The jury, upon this evidence, found for the defendant, and the court rendered judgment upon the verdict.   The judge, however, in rendering judgment, said that if the trial of the case had been left to him, without the intervention of a jury, he would, upon the evidence submitted, have found in favor of the plaintiff instead of the defendant, but as the jury had found otherwise he did not wish to disturb the verdict, and therefore rendered judgment in accordance therewith.

The plaintiff contends that the general rule adopted in this state, that where a verdict has been approved by the trial court, it should not be disturbed here when there is substantial evidence to uphold it, does not apply in this action, on account of the judge's criticisms of the verdict.   In deciding this case, we shall treat the statements of the judge as properly brought before us in the case-made.   What is an approval of a verdict by the trial court?   It is conceded that, ordinarily, the act of rendering a judgment thereon is such an approval.   Can that act of the court be overborne by statements made by the judge at the time the judgment is rendered?   The plaintiff argues that it can.   We cannot agree with him.   The jury has its peculiar province in the trial of cases, and its verdict should receive consideration at the hands of the court.   The judge seems to have been unguarded in his comments upon the verdict, and if we should follow his words rather than the judgment of the court, we should say that he would have

1. Verdict, when not disturbed.

2. Verdict, approved by judicial act.

been justified in granting a new trial; but it is the act of the court we are to pass upon, and not the reasons or excuses that were given for such action. Nothing said in this opinion is intended to weaken the strict rule of responsibility of a trial court in reviewing a jury's verdict. When it is unsupported by a preponderance of the evidence, and that fact manifestly appears, the duty of the court to set it aside is plain and positive; the court cannot then shirk it. (*Williams v. Townsend*, 15 Kas. 564.)

The plaintiff in his motion also urges newly-discovered evidence as a ground for granting a new trial. At the trial, the defendant, testifying in reference to taking possession of the lots in controversy, said that he bought lumber for fencing them in March, 1880; he was not sure, but believed he bought it of Mr. Wahlenmaier, a lumber dealer in Wyandotte, but did not remember whether he paid cash for it at that time, or afterward, in a general settlement; he said he built the fence shortly after he bought the lumber, and did not think he purchased any other bill of fencing of Wahlenmaier afterward during that year.

In the affidavit to support the motion, it was shown that Wahlenmaier has since died, and that just before the trial defendant went to the house of his widow, obtained permission and did examine the books kept by him in his lifetime. The copies of those parts of the books that relate to the business dealings between defendant and Wahlenmaier show that the only lumber charged to defendant in March, 1880, consisted of items aggregating $4, and that this bill was settled June 30th of that year. The copies of the books show that on the 15th day of July following, defendant purchased another bill of lumber, consisting of fencing joists 2x4 and and 2x6, amounting to $16.67. This evidence would be proffered in another trial to impeach the defendant. It would have been admissible if offered at the trial, and it was through no lack of diligence on the part of plaintiff that it was not then produced. The question, therefore, presents itself squarely, whether this evidence was sufficient to compel the court to

grant a new trial. This court, in *Parker v. Bates*, 29 Kas. 597,

3. New trial, not granted. laid down the rule that a new trial is seldom granted for the purpose of permitting a party to introduce merely impeaching testimony. Is this one of the excepted cases where the general rule should be applied? The question in controversy was whether defendant had built a fence around the lots and plowed them before July 6, 1880, and this evidence would have tended only to discredit him about the time he said he built the fence, and when, where and how he paid for the lumber therefor. This evidence proffered is concerning a matter collateral to the issue, though very closely connected therewith, but the defendant did not testify positively that he bought lumber of Wahlenmaier, or that he had the lumber charged to him. All the proffered evidence might be true, and still all that defendant testified to at the trial might have been true also; he might have bought his lumber elsewhere and had it charged, or he might have purchased of Wahlenmaier or elsewhere, and paid cash for it.

We believe there was no error in refusing to grant a new trial on the ground of newly-discovered evidence, and therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.