J. C. ELVIN, *Appellee,* v. B. F. BLUBAUGH, *Appellant.*

No. 17,853.

### SYLLABUS BY THE COURT.

1. NEW TRIAL—*Granted Because of Newly Discovered Impeaching Evidence.* As a general rule a new trial will not· be granted in order that newly discovered evidence of an impeaching character may be produced, but there are exceptions to the rule, and where the newly discovered evidence, although contradictory to that offered on the trial, satisfies the court that a material issue was wrongly decided it may, in order to meet the ends of justice, grant a new trial.

2. ——— *Same.* Where a trial court, in the exercise of its discretion, grants a new trial an appellate court is reluctant to interfere with the order, and if granted upon the ground of newly discovered evidence such evidence is liberally interpreted with the view of sustaining the ruling.

Appeal from Harper district court. Opinion filed June 7, 1913. Affirmed.

*T. A. Noftzger,* of Wichita, *Fred Washbon,* and *Vernon I. Day,* both of Anthony, for the appellant.

*William P. Hackney,* of Winfield, *Ed T. Hackney,* of Wellington, *R. P. McColloch,* of Anthony, and *Byron L. Shinn,* of Caldwell, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The question involved here is whether error was committed in the granting of a new trial. J. C. Elvin, a land broker, undertook to find a purchaser of a large tract of land owned by B. F. Blubaugh at the price of $30,000, for which he was to receive a commission of $1000. He procured a purchaser acceptable to Blubaugh at the price of $29,900, but only $500 was paid by Blubaugh on Elvin's commission. In this action, brought to recover the balance of the commission, Blubaugh claimed that after he had listed the land with Elvin he made improvements of considerable value upon the land, and that an agreement was made between them that the tract should be sold at the advanced price of $30,400, and that in order to induce the purchaser to close the deal at a price of $29,900 Elvin agreed to take one-half of the commission which it was originally agreed he was to receive. On the other hand, Elvin claimed that there was no subsequent agreement as to the price of the land or as to the commission, but that Blubaugh agreed to reduce the price in order to effect the sale and that there was no intention or agreement that this reduction should affect the amount of the commission. The testimony as to a subsequent agreement was given by the respective parties to the action, and Blubaugh in support of his contention and theory introduced testimony that lumber and other building material had been purchased and used by him in making the improvements for which the price of the land was advanced, and that it was done subsequently to the listing of the land with Elvin. The verdict of the jury was in favor of Blubaugh, and a motion for a new trial was made upon various grounds, among them being erroneous rulings of the court, that the verdict was contrary to the evidence and had been given under the influence of passion and prejudice, also because of accident and surprise at the trial and on account of

newly discovered evidence which Elvin was unable to find or produce at the trial. Considerable testimony was offered on the hearing of the motion tending to show that the improvements referred to were made by Blubaugh before the original contract was made, and that he did not purchase the lumber and supplies after the land was listed with Elvin as he has claimed. After hearing this testimony and the argument of counsel the court sustained the motion for a new trial, and of this ruling complaint is made.

It is argued that the newly discovered evidence was upon a collateral issue and was of an impeaching character, and hence afforded no grounds for the granting of a new trial. It does not appear, however, from the abstract that newly discovered evidence was the basis on which the new trial was granted, nor does it show the ground on which it was in fact allowed. As we have seen, a number of grounds were assigned, and among them that the evidence did not justify the verdict. Evidently the trial judge was not satisfied with the verdict as he refused to approve it. It has frequently been held to be the imperative duty of a judge to set aside a verdict which he does not approve. For all that appears he might have set the verdict aside if no new evidence had been discovered and offered. Counsel for appellant argue the appeal as if the court had granted the new trial solely because of the new evidence submitted on the hearing of the motion, but this assumption is not borne out by the record. If it be assumed that the ruling rested on that ground it is still not easy to say that it was erroneous. A large discretion is vested in courts in the granting of a new trial and the court is warranted in giving a new trial whenever it appears that the party asking for it has not received substantial justice. The new evidence in this case, standing by itself, may not appear to be very important, but the trial court who heard the testimony given before the jury and examined that which was

proffered as newly discovered was led to think that justice required a new trial. If the court had refused a new trial the testimony would have been viewed in a somewhat different light, as it has been determined that:

"A much stronger case for reversal must be made where a new trial is granted than where it is refused." (*City of Sedan v. Church,* 29 Kan. 190, syl. ¶ 4.)

Counsel for appellant call our attention to *Lee v. Bermingham,* 39 Kan. 320, 18 Pac. 218, which holds that new trials are seldom granted on the grounds of newly discovered evidence introduced to impeach witnesses, and especially if the new evidence relates to an unimportant issue. In that case, however, a new trial was refused and the new evidence which was offered, if true, would not necessarily have overthrown that given on the trial. Here the testimony related to the important issue whether or not a second agreement was made. While it did not bear directly on the question of the execution of a second agreement it was upon a matter closely connected with it and tended to disprove that a second agreement had ever been executed. In view of the fact that the testimony of the parties, the only ones who testified as to the existence of that agreement, was contradictory, the new evidence became quite important. It had distinct and probative value in determining that issue. While it is the general rule that a new trial will not be granted upon the ground of newly discovered evidence which is merely impeaching in character there are exceptions, and where the weight of the evidence on an issue is doubtful and the new evidence, although impeaching in character, satisfies the trial court that the issue was not correctly decided it may, in its discretion and in order to meet the ends of justice, grant a new trial. It may be assumed that the trial court in this case was in doubt whether a second agreement was in fact made, and the new testimony may have satisfied it that the verdict was not a

just result, and holding that view it was warranted in granting the new trial. In any view it is clear that upon the record presented here it can not be held that there were no grounds for the order granting a new trial, and the judgment will, therefore, be affirmed.