No. 18,643.

LAURA B. SCHRIBAR, *Appellee*, v. JOHN M. MAXWELL et al. (JOHN M. MAXWELL, *Appellant*).

### SYLLABUS BY THE COURT.

1. FALSE REPRESENTATIONS—*Exchange of Property—Evidence.* In an exchange of a farm for other property it was found by the jury that false and fraudulent representations were made to the owner of the farm as to the character and value of the property exchanged for the farm, and upon which its owner relied, and it is held that the testimony in the case is sufficient to uphold the findings of the jury.

2. NEW TRIAL—*Scandalous Matter in Affidavits—Stricken Out.* The court is justified in striking from the record scandalous and impertinent affidavits offered in support of a motion for a new trial.

3. SAME—*Insufficient Grounds Therefor.* Ordinarily a new trial will not be granted on account of new evidence which only goes to the general reputation of a witness for truth and veracity or which merely discredits him or impeaches his character.

Appeal from Lyon district court; FREDERICK A. MECKEL, judge. Opinion filed May 9, 1914. Affirmed.

Schribar v. Maxwell.

*Milton Brown,* of Guthrie, Okla., and *Joseph G. Waters,* of Topeka, for the appellant.

*H. O. Glasser,* and *H. G. McKeever,* both of Enid, Okla., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by the appellee, Laura B. Schribar, to set aside a deed to a tract of land which she had made to the appellant, John M. Maxwell, and which it was alleged he fraudulently obtained from her. She owned one hundred acres of land in Kansas, worth about $3500, and had given two mortgages thereon, one for $700 and another for $200. It was alleged that Maxwell induced her to convey to him, in exchange for a cash payment of $100, a stock of goods which he represented to be of the value of $1600, and the transfer to her of an interest he had in a certain tract of government land in Oklahoma. She averred that he deceived her as to the location of the Oklahoma land and as to his ownership or interest in it; that he procured her to make an entry on a tract other than the one shown to her. She also alleged that she was unacquainted with the value of merchandise, and that she accepted the goods relying on his representations as to their character and value, and that his representations were falsely made with the intention of cheating her. In her amended petition she tendered the appellant the $100 which he had paid to her, as well as the stock of goods received from him, and also a relinquishment of her rights in the government land on which he had led her to place a filing. Shortly after the transfer of the Lyon county land to him he mortgaged it to Robert Craig for $2000, and she alleged that it was executed without consideration, and therefore asked that it be decreed to be a nullity. In his answer he denied the charges of fraud and alleged that the land shown to her was that upon which the filing was made,

and that she selected the goods out of a large stock on the basis of the invoice price of the same, in compliance with the contract which they had made. He also alleged that he had assumed and paid a mortgage lien on the land of $749 and another of $205.35, and had also paid $19.91 of taxes, which was a lien on the land at the time it was transferred to him. The court found that the Craig mortgage was a valid and subsisting lien upon the land conveyed to appellant, and a decree of foreclosure was entered. The only question submitted to the jury was whether the appellant made the alleged false and fraudulent representations in respect to the goods and land given to appellee in exchange for the Lyon county land, and whether appellee believed and relied on these representations when the conveyance was executed. All other questions were reserved by the court for its own decision. In answer to special questions the jury found that appellant knowingly made false representations in respect to the Oklahoma land and the stock of goods, and that appellee relied on these representations; that he had no interest in the Oklahoma land which he undertook to trade to her, and that it had no value; that she had no independent knowledge of merchandise, and that the merchandise which was turned in to her as of the value of $1600 was only worth one-fourth of that sum.

The contention of the appellant that the testimony was insufficient to support the findings of the jury can not be sustained. There was testimony tending to prove that the representations were made to deceive the appellee, that they were untrue, and that appellee, relying on and believing them, conveyed her land to appellant. According to the findings, her land was worth about $3500, while all she received for it was the cash payment of $100 and property worth about $400.

Complaint is made that a judgment canceling the conveyance was entered without requiring appellee to tender and turn back what she had received from ap-

pellant in exchange for the land. In the amended petition the appellee expressly tendered back all that appellant had given her in the proposed exchange. In her testimony given at the trial she stated that she was prepared to restore all that she had received, saying that the goods were still in her possession and in the same boxes in which they were packed and shipped to her. The record does not disclose what orders were made in respect to the tender or the restoration of the property which appellee had received, but it appears that appellant has secured the sum of $2000 by mortgaging appellee's farm—an amount much in excess of the money and property received from appellant. Out of the $2000 which he obtained by mortgaging her land he paid the mortgage liens which she had given upon the land and also a lien for taxes, all together amounting to about $1000, leaving in his hands an excess of $1000 to meet any order that the court may make in adjusting the foreclosure branch of this proceeding. That part of the case has not been brought up upon this appeal, but it may be assumed that the court will make an order in the final judgment adjusting the rights of all the parties and give proper credits to the appellant for the money and property received by appellee in the transaction.

No error was committed in striking out the affidavits offered on the motion for a new trial. They were largely made up of scandalous matter relating to the moral character of appellee, which had no bearing upon the issues in the case and which the court rightly concluded were unfit to be upon the records of the court. Some of the matter in the affidavits was impeaching in character, but the general rule is that new trials are not granted on account of new evidence which only goes to the general reputation of a witness for truth and veracity or which merely discredits a witness or impeaches his character. (*Parker v. Bates,* 29 Kan. 597;

*The State v. Smith,* 35 Kan. 618, 11 Pac. 908; *Lee v. Bermingham,* 39 Kan. 320, 18 Pac. 218; *The State v. Stickney,* 53 Kan. 308, 36 Pac. 714, 42 Am. St. Rep. 284.)

The judgment of the district court will be affirmed.