The State v. Graham.

---

No. 21,208.

THE STATE OF KANSAS, *Appellee,* v. ROBERT GRAHAM, *Appellant.*

SYLLABUS BY THE COURT.

1. STATUTORY RAPE—*Motion for New Trial—Newly-discovered Evidence.* Under the circumstances disclosed in the opinion it was not reversible error for the court to refuse to grant a new trial asked on the ground of newly-discovered evidence.

2. SAME—*Certain Evidence, Withdrawn from Jury—No Continuance Asked—No Error.* It is not reversible error for the court to withdraw from the consideration of the jury all admissions made in a conversation between opposing counsel while attempting to agree on the evidence of witnesses who have been subpœnaed, but who have

failed to appear, where no agreement is reached and there is no application for a continuance on account of the absence of the witnesses, and no effort is made to compel their attendance.

3. SAME—*New Trial—Properly Denied.* The circumstances disclosed in the second paragraph of this syllabus do not compel a new trial on the ground of accident and surprise.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed October 6, 1917. Affirmed.

*J. S. Ensminger,* of Topeka, for the appellant.

*S. M. Brewster,* attorney-general, and *Robert D. Garver,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant was charged with statutory rape. He was found guilty, was sentenced, and appeals.

1. The defendant urges that he should have been granted a new trial on the ground of newly-discovered evidence. He was convicted of having carnal knowledge of a thirteen-year-old girl. The girl testified that during the months of January and February, 1916, the defendant, on seven different occasions, attempted to have sexual intercourse with her, but was unable to do so; that in April, 1916, he did have intercourse with her; that she became pregnant, and that he was the father of her unborn child. Other evidence was introduced which strongly tended to show that the defendant, on a number of occasions, either had, or attempted to have, intercourse with the girl. She testified that she never had intercourse with any other man. On the hearing of his motion for a new trial the defendant showed that on November 13, 1916, the girl gave birth to a fully matured, nine-months-old child. The defendant insists that he could not have been the father of the child for the reason that the girl's testimony showed that he did not have intercourse with her until in the month of April, 1916, and that seven months thereafter she gave birth to the child. The defendant argues that if this evidence were introduced on a new trial, and the girl should then testify as she did on the trial, the falsity of her testimony would be conclusively shown; and a jury would not return a verdict of

The State v. Graham.

guilty thereon. The paternity of the child was wholly immaterial. Proof of carnal knowledge was all that was necessary. The girl testified positively to repeated acts of carnal knowledge and to seven attempts at having intercourse with her. Her testimony was strongly corroborated by other evidence.

The girl was questioned as to having intercourse with one V. A., and denied having such intercourse. V. A. was placed on the witness stand, and denied having intercourse with the girl. On the hearing of the motion for a new trial affidavits were introduced showing that V. A., after the trial, stated that he had repeatedly had intercourse with the girl. The evidence contained in these affidavits tended to show that V. A. made statements after the trial contradictory to his testimony. If V. A. should at any future trial testify as he did on the defendant's trial, and the statements made by him as shown in the affidavits should be introduced in evidence, that evidence could only affect his credibility as a witness. Whether or not he had such intercourse with the girl is wholly immaterial. "A new trial will rarely be given for the purpose of procuring evidence for impeachment." (*Morgan v. Bell,* 41 Kan. 345, Syl. ¶ 4, 21 Pac. 255.) Especially should this be true where the newly-discovered evidence is on a matter wholly immaterial. (*Clark v. Norman,* 24 Kan. 515; *Schribar v. Maxwell,* 92 Kan. 306, 140 Pac. 865.) A number of other cases might be cited, but it is not necessary.

It was not reversible error for the court to refuse to grant a new trial on the ground of newly-discovered evidence.

2. The defendant sought to prove an alibi by introducing evidence to show that he had regularly and daily been at work at different places during the months of January, February, March, and April, 1916, and that he was at work away from home at all the times when the girl testified that he had attempted to have intercourse with her. He subpœnaed a number of witnesses who he said would have testified to these facts. These witnesses failed to appear. Counsel for the defendant then commenced to write an application for a continuance. While this was being done it was suggested by counsel for the state that the depositions of certain of these witnesses be taken during the noon hour. Afterward, counsel for the

state suggested that they might agree on what the testimony of these witnesses would be. An agreement was attempted but none was reached. During this attempt certain admissions were made by counsel for the state as to what the testimony of the witnesses would be if they were on the witness stand. These admissions were withdrawn from the consideration of the jury by the instructions of the court. Defendant argues that he was prevented by the conduct of counsel for the state from getting the evidence desired. He insists that it was error to deprive him of that testimony and to withdraw the admissions that had been made by the state during the conversation which occurred in the presence of the jury while attempting to agree on the evidence of the absent witnesses. After counsel had failed to agree concerning the testimony of the absent witnesses, it was not error for the trial court to withdraw from the consideration of the jury any admissions that may have been tentatively made during the conversation regarding the agreement. The defendant made no further effort to obtain a continuance, and made no effort to compel the attendance of the witnesses. Having made neither of such efforts, he can not complain of his failure to obtain the evidence of these witnesses.

3. The defendant contends that by accident and surprise he was prevented from having a fair trial. The basis for this contention is the same as for the one which has just been discussed, and must be met by the same ruling.

The judgment is affirmed.